UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------x
RICHARD F. SELDEN,            :
                              :
            Plaintiff,        :   Civil Action
                              :   No.
       v.                     :
                              :
UNITED STATES FOOD AND DRUG   :   Related To:
ADMINISTRATION and ANDREW C.  :   S.E.C. v. Richard F. Selden,
VON ESCHENBACH, in his official :  Civil Action No. 05-11805-NMG
capacity as acting commissioner of the
United States Food and Drug   :
Administration,                   06 CA 11807 NMG
                              :
            Defendants.
------------------------------x

## COMPLAINT

Plaintiff Richard F. Selden ("Dr. Selden"), by his undersigned attorneys, brings this action for declaratory and injunctive relief against the United States Food and Drug Administration ("FDA") and Andrew C. Von Eschenbach, in his official capacity as acting commissioner of the FDA (collectively, "Defendants"), pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, the Mandamus Act, 28 U.S.C. § 1361, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and for his Complaint alleges, upon knowledge with respect to himself and his own acts, and upon information and belief with respect to all other matters, as follows:

### Nature Of The Action

1.      This action seeks declaratory and injunctive relief against Defendants to require the FDA's meaningful compliance with the final ruling of the United States District Court for the District of Columbia ("D.C. Court") in S.E.C. v.

Richard F. Selden, No. 1:05-mc-00476-RMU (D.D.C., Aug. 16, 2006) (the "D.C. Order"), attached hereto as Exhibit A, granting Dr. Selden's motion to compel and ordering the FDA to produce documents in response to two federal subpoenas issued by Dr. Selden on October 28, 2005 (the "Subpoenas"). Although the parties have agreed on the scope of the production, the FDA now says it will take <u>twenty-two months</u> to perform the ministerial task of actually providing the documents.

  2. The FDA's refusal to comply with the D.C. Order within a reasonable time frame is, under the circumstances, a refusal to comply with the D.C. Order altogether, and thus constitutes improper, illegal and prohibited agency action. Further, if allowed, the FDA's schedule will effectively eviscerate the D.C. Order and irreparably harm Dr. Selden. Dr. Selden therefore seeks an order requiring the FDA to comply in a meaningful way with the D.C. Order and to provide all agreed documents within a reasonable time frame and, in any event, by no later than November 15, 2006.

**Parties**

  3. Plaintiff Richard F. Selden resides in Wellesley, Massachusetts. Dr. Selden is the founder and former President and Chief Executive Officer of Transkaryotic Therapies, Inc. ("TKT"), a small biotechnology firm previously located in Cambridge, Massachusetts. TKT has since been sold to a large pharmaceutical company in the United Kingdom.

  4. Defendant FDA is a federal administrative agency within the Department of Health and Human Services.

  5. Defendant Andrew C. von Eschenbach is the acting commissioner of the FDA and is sued in his official capacity as head of that agency.

**Jurisdiction**

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1361 and 1651, and 5 U.S.C. § 552(a)(4)(B).

7.  Venue lies in this District pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B), because Dr. Selden resides in this District, and also lies pursuant to 28 U.S.C. § 1391(e), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**The Need For Expedited Treatment**

8.  Upon a showing of good cause, the District Court can grant expedited consideration of this action. 28 U.S.C. § 1657. For the reasons set forth below, Dr. Selden respectfully submits that good cause exists for this Court to grant expedited consideration of this action.

**Facts**

9.  Dr. Selden is the defendant in a securities enforcement action brought by the U.S. Securities and Exchange Commission ("SEC") in this Court. S.E.C. v. Richard F. Selden, No. 05-11805-NMG (D. Mass., filed Sept. 1, 2005) (the "SEC Action").

10. The SEC alleges that Dr. Selden violated the federal securities laws in connection with the FDA's review for domestic marketing approval of Replagal, TKT's drug for the treatment of Fabry disease, a rare genetic disorder. According to the SEC's Complaint, Dr. Selden, in his position as CEO of TKT, is responsible for a "series of [allegedly] materially misleading public statements by TKT about the status of the FDA application for Replagal." Complaint, S.E.C. v. Selden, Docket No. 1 ("SEC Compl."), ¶ 1.

11. The SEC's entire case is based on the FDA's review of TKT's application for Replagal, its communications with TKT in this regard, and the steps both the FDA and TKT perceived as necessary for Replagal to obtain marketing approval in the United States. See, e.g., SEC Compl. ¶¶ 2-4, 12-14, 21-22, 24-26, 28-33, 35, 38-39, 41-42, 44-53, 55, 59-60, 62, 66, 70 & 74.

12. In addition to its close substantive connection to this case, the FDA has also actively assisted the SEC in its effort to collect information leading to this lawsuit. Among other things, the FDA provided documents to the SEC within weeks of request, made FDA staff available for "off the record" interviews by SEC representatives, and received updates from the SEC concerning the progress of the investigation.

13. Given the critical importance of FDA evidence to Dr. Selden's defense, on October 28, 2005 -- the first day he was permitted to do so by the Federal Rules of Civil Procedure -- Dr. Selden issued two federal subpoenas on the FDA going directly to the issues raised by the SEC's Complaint.

14. In addition to satisfying Rule 45 of the Federal Rules of Civil Procedure, the Subpoenas, under FDA regulations, constituted sufficient requests for agency records under FOIA. See 21 C.F.R. 20.2(a).

15. However, in contrast to the prompt assistance and cooperation the FDA provided to the SEC in response to the SEC's requests, with respect to Dr. Selden, the FDA put up roadblocks and delays at every turn, forcing him to move to compel FDA compliance with the Subpoenas in the D.C. Court.

16. On August 16, 2006, the D.C. Court granted in its entirety Dr. Selden's motion to compel FDA compliance with the Subpoenas and denied the FDA's motion to quash same. See Ex. A, attached hereto.

17. On August 25, 2006, the parties filed a Joint Status Report with the D.C. Court. The parties reported agreement on all but one category of documents the FDA would produce. However, the FDA also stated that it would take the agency twenty-two months to actually perform the ministerial task of collecting, reviewing and producing those documents; even though Dr. Selden had repeatedly informed the FDA that the only reason he is seeking the documents is to defend himself in the ongoing SEC Action. The FDA has nevertheless refused to change its twenty-two month schedule.

18. Dr. Selden now seeks injunctive and declaratory relief against Defendants to require the FDA to comply with its legal obligations and duties.

**Irreparable Injury**

19. The FDA's refusal to produce the documents in a timely manner will prevent Dr. Selden from being able to defend himself adequately and fairly in the SEC Action and thus will cause him irreparable injury for which there is no adequate remedy at law.

**First Claim For Relief**
**(Administrative Procedure Act)**

20. Dr. Selden repeats and restates the allegations contained in paragraphs 1 through 19 of his Complaint as if set forth fully herein.

21. The D.C. Order imposes a clear legal duty on Defendants.

22. The FDA's refusal to produce the required documents within a time frame such that they could be used for Dr. Selden's defense in the SEC Action, is a clear

5

breach of Defendants' legal duties under the D.C. Order and statutory law and constitutes final agency action for which there is no other adequate remedy in court.

23. Defendants' actions are arbitrary, capricious, an abuse of discretion and not in accordance with law.

24. Defendants have also withheld and unreasonably delayed agency action.

25. Dr. Selden has been adversely affected and aggrieved by Defendants' actions.

26. Dr. Selden has exhausted all available administrative remedies.

### Second Claim For Relief
### (Mandamus Act)

27. Dr. Selden repeats and restates the allegations contained in paragraphs 1 through 26 of his Complaint as if set forth fully herein.

28. Pursuant to the Mandamus Act: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

29. The D.C. Order creates a clear, plainly prescribed, non-discretionary legal duty owed to Dr. Selden, requiring only ministerial acts to satisfy.

30. Dr. Selden has been adversely affected and aggrieved by Defendants' actions.

31. Dr. Selden's claim is clear and certain, seeking FDA compliance with the D.C. Order and the document production parameters filed as part of the Joint Status Report with the D.C. Court and this Court on August 25, 2006.

32. Dr. Selden has exhausted all available administrative remedies.

33. No other adequate remedy is available.

**Third Claim For Relief**
**(Freedom Of Information Act)**

34. Dr. Selden repeats and restates the allegations contained in paragraphs 1 through 33 of his Complaint as if set forth fully herein.

35. The FDA's failure to produce records in response to Dr. Selden's requests and the D.C. Order is subject to determination by this Court pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B).

36. Dr. Selden has satisfied all requirements prescribed by statute and by FDA regulations for FOIA requests and appeals; and has satisfied all conditions precedent to the filing of a suit in this Court, including, but not limited to, exhaustion of his administrative remedies.

37. The records Dr. Selden requests were created or obtained by the FDA in the conduct of its agency functions; were in the FDA's possession, custody or control at the time Dr. Selden made his requests; and are currently within the FDA's possession, custody or control and, therefore, are "agency records" of the FDA within the meaning of 5 U.S.C. §§ 552(a)(3), (a)(4)(B), and (f)(2).

38. The records Dr. Selden seeks contain information critical to his defense in the SEC Action.

39. Defendants have improperly withheld these records.

40. Substantial and important rights of Dr. Selden -- including but not limited to his rights of access to the courts and to a fair trial -- are being unlawfully

curtailed by Defendants' failure to produce the records well enough in advance of the deadline for pretrial discovery in the SEC Action.

41. No other adequate remedy is available.

### Fourth Claim For Relief
### (Declaratory Judgment)

42. Dr. Selden repeats and restates the allegations contained in paragraphs 1 through 41 of his Complaint as if set forth fully herein.

43. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, with respect to any "case of actual controversy within its jurisdiction," "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

44. Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

45. A justiciable controversy exists with respect to Defendants' refusal to comply with the D.C. Order and in their failure to provide Dr. Selden in a meaningful manner with the court-ordered discovery.

46. Dr. Selden seeks a declaration pursuant to the Declaratory Judgment Act that Defendants' failure to provide him with adequate production constitutes a violation of, inter alia, the D.C. Order and APA § 552.

8

## PRAYER FOR RELIEF

WHEREFORE, Dr. Selden respectfully requests that this Court:

    a.    Declare that withholding of the requested records and documents by Defendants is unlawful;

    b.    Order Defendants to promptly produce the requested records and documents to Dr. Selden;

    c.    Enjoin Defendants from withholding the requested records and documents;

    d.    Award Dr. Selden his attorneys' fees and costs of suit pursuant to 5 U.S.C. § 552(a)(4)(E); and

    e.    Grant such other and further relief as the Court deems just and equitable.

Dated: October 5, 2006
Boston, Massachusetts

Respectfully submitted,

_(signature)_
Thomas J. Dougherty (BBO #132300)
Justin J. Daniels (BBO #656118)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
dougherty@skadden.com
jdaniels@skadden.com

Counsel for Plaintiff
Richard F. Selden

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| IN RE: SUBPOENAS IN | : | | |
| SECURITIES AND EXCHANGE COMMISSION, | : | | |
| Plaintiff, | : | Misc. No.: | 05-0476 (RMU) |
| v. | : | Document No.: | 1, 7 |
| RICHARD F. SELDEN, | : | | |
| Defendant, | : | | |
| and, | : | | |
| FOOD AND DRUG ADMINISTRATION, | : | | |
| Interested Party. | : | | |

## ORDER

### GRANTING DEFENDANT SELDEN'S MOTION TO COMPEL; DENYING THE FDA'S MOTION TO QUASH

For the reasons stated in the Memorandum Opinion contemporaneously filed herewith, it is this 16th day of August, 2006,

**ORDERED** that defendant Selden's motion to compel is **GRANTED**, and it is

**FURTHER ORDERED** that the FDA's motion to quash is **DENIED**, and it is

**ORDERED** that the FDA comply with Selden's subpoenas in accordance with the FDA's *Touhy* regulations, and it is

**FURTHER ORDERED** that the parties provide this court (and a courtesy copy to the trial court in Massachusetts) with a joint status report outlining the parties' anticipated timing for

the FDA's fulfillment of Selden's subpoena requests pursuant to the FDA's *Touhy* regulations.

The parties must file their joint status report within 7 days of this order.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| IN RE: SUBPOENAS IN | : | | |
| SECURITIES AND EXCHANGE COMMISSION, | : | | |
| Plaintiff, | : | Misc. No.: | 05-0476 (RMU) |
| v. | : | Document No.: | 1, 7 |
| RICHARD F. SELDEN, | : | | |
| Defendant, | : | | |
| and, | : | | |
| FOOD AND DRUG ADMINISTRATION, | : | | |
| Interested Party. | : | | |

**MEMORANDUM OPINION**

GRANTING DEFENDANT SELDEN'S MOTION TO COMPEL;
DENYING THE FDA'S MOTION TO QUASH

**I. INTRODUCTION**

The United States Securities and Exchange Commission ("SEC") filed a securities enforcement action against Richard F. Selden in federal court in Massachusetts. In preparing his defense, Selden served two subpoenas on the United States Food and Drug Administration and the Center for Biologics Evaluation and Review, a division of the Food and Drug Administration (collectively, the "FDA").

In the instant action, Selden seeks to compel the subpoenas *duces tecum* he served on the FDA. The FDA seeks to quash the subpoenas arguing that Selden failed to comply with the FDA's regulations governing requests for document production and that the subpoenas are

unduly burdensome. Because the FDA's regulations require it to treat subpoenas as requests for records, and because the FDA has not yet processed Selden's subpoenas in accordance with those regulations, the court compels the FDA's compliance with the subpoenas and denies the FDA's motion to quash. Because the FDA has not yet processed Selden's subpoenas, the court cannot assess whether any document production would be unduly burdensome.

## II.   BACKGROUND

### A.   Factual Background

On September 1, 2005, the SEC filed a securities enforcement action against Richard F. Selden in the United States District Court for the District of Massachusetts. *SEC v. Selden*, Civ. No. 05-11805 (D. Mass. Sept. 1, 2005); Mot. to Compel at 1. The SEC's complaint alleges that Selden, in his position as chief operating officer for Transkaryotic Therapies, Inc. ("TKT"), a small biotechnologies firm, interfered with the FDA's review of TKT's drug, Replagal, for domestic marketing approval.[1] Mot. to Compel at 1. Specifically, the SEC alleges that Selden made "materially misleading public statements by TKT about the status of the FDA application for Replagal." Mot. to Compel, Ex. C ¶ 1.

To prepare his defense, Selden served two subpoenas on the FDA for testimony and

---

[1]  Replagal is a TKT drug used for the treatment of Fabry disease, a rare genetic disorder caused by a missing enzyme needed to metabolize lipids in the body. Mot. to Compel at 1.

2

documents relating to Replagal, TKT, and Selden, or otherwise relating to the underlying case.[2] Mot. to Compel at 2; Mot. to Compel Ex. A-B; Mot. to Quash at 2-3. In a letter dated November 9, 2005, the FDA objected to the subpoenas and requested that Selden withdraw them.[3] Mot. to Compel Ex. D ("Objection Letter"). In numerous letter between the FDA and Selden, the FDA reiterated its objections to the subpoenas and encouraged Selden to file his request for documents pursuant to the Freedom of Information Act ("FOIA"). Mot. to Quash at 5-6. Selden did not withdraw the subpoenas but instead reasserted his need for the information in preparing his defense in the securities enforcement action in Massachusetts. Mot. to Compel at 2.

## 2. Procedural Background

On February 10, 2006, this court held the case in abeyance pending a ruling by the United States Court of Appeals for the District of Columbia in the case of *Yousuf v. Samantar*, 451 F.3d 248 (D.C. Cir. 2006). Order (Feb. 10, 2006). On June 16, 2006, the Court of Appeals issued its ruling and held that a government agency is a "person" under Rule 45 and, therefore, can be the target of a third-party subpoena. *Yousuf*, 451 F.3d 248. Following the Court of

---

[2] The subpoenas for testimony are not at issue here. The FDA responded to Selden's request for testimony by allowing the deposition of Dr. Marc K. Walton and denying Selden's request for testimony from James Kaiser, Rafel Rieves, and Karen Weiss. Supplemental Mem. in Supp. of Mot. to Quash Ex. 2. Selden has not objected to the FDA's denial of his request for testimony.

[3] The FDA objects to the subpoenas on the grounds that (1) the FDA is not a "person" within the meaning of Rule 45 and therefore cannot be the subject of a third-party subpoena; (2) the subpoenas do not comply with the FDA's *Touhy* regulations; (3) the requested documents contain "trade secrets and confidential commercial information;" (4) the requested documents are "exempt from public disclosure by the deliberative process privilege and personal privacy regulations;" (5) the subpoenas do not give the FDA "a reasonable time to respond;" and (6) the subpoenas are "unduly burdensome and over broad because they [seek] documents that [are] more than 18 years old, and because they [seek] certain documents that are publicly available in electronic format on the internet." Mot. to Quash at 4-5; Mot. to Compel Ex. D ("Objection Letter").

3

Appeals' decision, the parties submitted supplemental memoranda to the court addressing the applicability of *Yousuf* to the present case. Supplemental Mem. in Supp. of Mot. to Compel ("Supp. Mem. to Compel"); Supp. Mem. in Support of Mot. to Quash ("Supp. Mem. to Quash").

In his supplemental memorandum, Selden again seeks the FDA's compliance with the subpoenas and asks the court to compel full disclosure by August 31, 2006, so that Selden can prepare his defense in the Massachusetts action.[4] *Id.* The FDA continues to object to the subpoenas on the grounds that (1) the subpoenas do not comply with the FDA's *Touhy* regulations governing information requests, and that (2) the FDA would be unduly burdened by compliance with the subpoenas.[5] Supp. Mem. to Quash, 6-11. The FDA, therefore, asks the court to quash the subpoenas or, in the alternative, to (1) narrow the scope of the subpoenas; (2) provide a "reasonable time period" for the FDA to respond; and/or (3) require Selden pay the costs of the requested production. *Id.* at 12-14. The court now turns to these claims.

### III. ANALYSIS

#### 1. Legal Standard for *Touhy* Regulations

A federal government agency may create procedures for responding to subpoenas and requests for testimony pursuant to 5 U.S.C. § 301, the federal "housekeeping" statute. *Bobreski v. EPA*, 284 F. Supp. 2d 67, 73 (D.D.C. 2003); *see also United States ex rel. Touhy v. Ragen*, 340

---

[4] According to Selden, the parties in the Massachusetts action must complete all written discovery by October 30, 2006. Supp. Mem. to Compel, 8.

[5] Following the Court of Appeals' decision in *Yousuf*, the FDA has abandoned its claim that the government is not a "person" within the meaning of Rule 45. *See* Supp. Mot. to Quash, 1-2.

4

U.S. 462, 468 (1951). Specifically, § 301 authorizes the head of an agency to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers and property." *Bobreski*, 284 F. Supp. 2d at 73 (quoting 5 U.S.C. § 301). These regulations, generally called *Touhy* regulations, serve the government's need to make a "centraliz[ed] determination as to whether subpoenas duces tecum will be willingly obeyed or challenged[.]" *Touhy*, 340 U.S. at 468.

### B. The Court Grants Selden's Motion to Compel and Denies the FDA's Motion to Quash the Subpoenas

The FDA maintains that Selden's subpoenas did not constitute valid requests for documents under the FDA's *Touhy* regulations. Mot. to Quash at 17-21; Supp. Mot. to Quash at 6-9. The FDA claims, therefore, that it is not required to respond to the subpoenas. *Id.*

Federal agencies must "follow their own rules, even gratuitous procedural rules that limit otherwise discretionary actions." *Steenholdt v. FAA*, 314 F.3d 633, 639 (D.C. Cir. 2003) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)). Under the FDA's own rules, "[a]ny request for records of the Food and Drug Administration, whether it be by letter *or by a subpoena duces tecum* or by any other writing, shall be handled pursuant to the procedures established in Subpart B of this part[.]" 21 C.F.R. § 20.2(a) (emphasis added). Under Subpart B, the FDA handles subpoenas *duces tecum* in accordance with the procedures for the production of all agency records pursuant to FOIA. 21 C.F.R. § 20.2(b).

Holding the FDA to its own rules then, the FDA must treat the subpoenas as requests for documents pursuant to its *Touhy* regulations and respond in kind. *Id.*; *see also* Supp. Mem. to

Quash Ex. 3 (Apr. 6, 2006 Selden Letter) (identifying the FDA's own regulations as requiring subpoenas to be treated as *Touhy* requests). And because the FDA must treat the subpoenas *duces tecum* as requests for documents under its *Touhy* regulations, the FDA must respond to Selden's subpoenas pursuant to its *Touhy* regulations.[6] Accordingly, the court grants Selden's motion to compel and denies the FDA's motion to quash the subpoenas.

### C.   The Court Declines to Rule on Whether the Subpoenas are Unduly Burdensome

The FDA must submit the subpoenas to its *Touhy* process pursuant to the court's ruling. The FDA argues, however, that compliance with the subpoenas would be unduly burdensome. But, because the agency has not yet taken the appropriate administrative action on these requests under its regulations, the extent of any document production pursuant to Selden's request is, at this juncture, speculative. The court, therefore, is unable to assess the FDA's argument that compliance would be burdensome. Accordingly, the court declines to rule on the FDA's objection that the subpoenas are unduly burdensome, declines to rule on the FDA's motion to modify the subpoenas, and orders the FDA to proceed under the policies it has set forth in its

---

[6]   Relying on the Court of Appeals' decision in *Yousuf*, Selden contends that he is entitled to immediate access to the documents; that he need not wait on the FDA's *Touhy* process. Supp. Mem. to Compel at 6-7. In *Yousuf*, the D.C. Circuit held that a government agency could be the subject of a third-party subpoena under Rule 45 of the Federal Rules of Civil Procedure. 451 F.3d at 250. Selden reads this decision as allowing a litigant, in subpoenaing a government agency, to bypass that agency's *Touhy* process altogether. Supp. Mem. to Compel at 6-7. Selden misapprehends the Court of Appeals' decision. In *Yousuf*, the court did not suggest that a litigant would be able to bypass a federal agency's *Touhy* regulations by subpoenaing the agency. In fact, the court explicitly acknowledged the role of *Touhy* regulations as the vehicle through which a federal agency responds to a subpoena *duces tecum*. *Yousuf*, 451 F.3d at 257 (citing *Touhy*, 340 U.S. at 464, 469). Accordingly, Selden must wait for the FDA to process his subpoenas under its *Touhy* regulations.

*Touhy* regulations.[7]

### IV. CONCLUSION

For the foregoing reasons the court, this 16th day of August, 2006, compels the FDA's compliance with Selden's subpoenas in accordance with the FDA's *Touhy* regulations. An order instructing the parties in a manner consistent with this Memorandum Opinion is issued contemporaneously.

RICARDO M. URBINA
United States District Judge

---

[7] The court notes that the FDA must proceed through its *Touhy* process prior to any document production and that, under its procedures, it will treat the subpoenas as FOIA requests. 21 C.F.R. § 20. The FDA indicates that the parties have made "significant progress" in negotiating the scope of Selden's document requests and that Selden has already received approximately 300 pages of responsive documents from the FDA. Supp. Mem. to Quash at 4-5. Selden contends that, although engaging in dialogue, the FDA has not produced any documents in response to his subpoenas. Supp. Mem. to Compel, 8.

Though delay will not affect this court's docket, the court reminds the FDA that Selden wants these documents to prepare a defense to the pending action in the United States District Court for the District of Massachusetts. Thus, the FDA must engage Selden's request, and formulate a response, with dispatch (rather than place Selden's subpoena request at the back of the FOIA que). Toward that end, the court orders the parties to provide this court and the trial court in Massachusetts with a joint status report outlining the parties' anticipated timing for the FDA's fulfillment of Selden's subpoena requests pursuant to the FDA's *Touhy* regulations. The court anticipates and expects the FDA's good faith, prompt, and satisfactory compliance in this endeavor.

7