COPY

FILED
IN CLERKS OFFICE

2006 OCT -5  P 2: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RICHARD F. SELDEN,                        :

               Plaintiff,         :     Civil Action
                               No.

       v.                              :

UNITED STATES FOOD AND DRUG          :     Related To:
ADMINISTRATION and ANDREW C.               S.E.C. v. Richard F. Selden,
VON ESCHENBACH, in his official      :     Civil Action No. 05-11805-NMG
capacity as acting commissioner of the
United States Food and Drug          :
Administration,
                            06 CA 11807 NMG
              Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR ORDER TO
SHOW CAUSE AND PRELIMINARY INJUNCTION**

Thomas J. Dougherty
Justin J. Daniels
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Dated:  October 5, 2006                    Counsel for Plaintiff
                                      Richard F. Selden

## TABLE OF CONTENTS

**PAGE**

Table Of Authorities ........................................................................................................ ii

Preliminary Statement ...................................................................................................... 1

Background ...................................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.    THE COURT SHOULD ENTER A PRELIMINARY
           INJUNCTION REQUIRING THE FDA TO PRODUCE ALL
           COURT-ORDERED DOCUMENTS BY NOVEMBER 15, 2006 ................... 2

           A.    Dr. Selden Has A Likelihood Of Success
                  On The Merits Of His Claims For Relief .................................................... 2

           B.    Dr. Selden Will Suffer Irreparable
                  Harm In The Absence Of This Injunction .................................................. 4

           C.    Dr. Selden's Irreparable Harm Far Outweighs
                  Any Possible Discovery Burden On The FDA ............................................ 4

           D.    The Public Interest Will Be Served
                  By Requiring FDA Compliance And By
                  Protecting Dr. Selden's Right To A Fair Defense ...................................... 5

CONCLUSION ................................................................................................................ 5

i

## TABLE OF AUTHORITIES

### CASES                                                                    PAGE(S)

Church of Scientology Int'l v. U.S. Dept. of Justice,
    30 F.3d 224 (1st Cir. 1994) ........................................................................3

Globe Newspaper Co. v. F.B.I.,
    No. 91-13257, 1992 WL 396327 (D. Mass. Dec. 29, 1992) ..........................4

Kahmann v. Reno,
    967 F. Supp. 731 (N.D.N.Y. 1997) ............................................................3

Mass. Coal. Of Citizens With Disabilities v. Civil Def. Agency,
    649 F.2d 71 (1st Cir. 1981) .......................................................................2

Ross-Simons Of Warwick, Inc. v. Baccarat, Inc.,
    102 F.3d 12 (1st Cir. 1996) .......................................................................2

Thermo Web Sys., Inc. v. Beebe,
    No. 00-40170, 2000 WL 1876418 (D. Mass. Dec. 20, 2000) ........................2

U.S. v. Procter & Gamble Co.,
    356 U.S. 677 (1958) .................................................................................5

Washington v. Texas,
    388 U.S. 14 (1967) ..................................................................................5

Westinghouse Elec. Corp. v. City of Burlington,
    351 F.2d 762 (D.C. Cir. 1965) ..................................................................5

### STATUTES                                                                 PAGE(S)

5 U.S.C. § 551 ...............................................................................................3

5 U.S.C. § 552 ...............................................................................................3

5 U.S.C. § 702, et seq. ................................................................................2, 3

28 U.S.C. § 1361 ...........................................................................................3

### OTHER AUTHORITIES                                                         PAGE(S)

8 Charles Alan Wright & Arthur R. Miller,
    Federal Practice and Procedure § 2001 (2d ed. 1994) ..................................5

## Preliminary Statement

This action seeks declaratory and injunctive relief against the United States Food and Drug Administration ("FDA") and Andrew C. von Eschenbach, in his official capacity as acting commissioner of the FDA (collectively, "Defendants"), to obtain the FDA's meaningful compliance with a final ruling of the United States District Court for the District of Columbia ("D.C. Court") in S.E.C. v. Richard F. Selden, No. 1:05-mc-00476-RMU (D.D.C., Aug. 16, 2006) (the "D.C. Order"), granting Dr. Selden's motion to compel and ordering the FDA to produce documents in response to two federal subpoenas issued by Dr. Selden on October 28, 2005 (the "Subpoenas"). A copy of the D.C. Order is attached hereto at Tab A. Although the parties have already agreed on the scope of production, the FDA now says it will take the agency twenty-two months to perform the ministerial task of actually providing the documents. This delay period will effectively eviscerate the D.C. Order and irreparably harm Dr. Selden, who needs the discovery to defend himself in a government enforcement action pending before this Court.

## Background

Dr. Selden respectfully refers to the background information provided in his Statement In Connection With The September 28, 2006 Status Conference, S.E.C. v. Richard F. Selden, No. 05-11805-NMG (D. Mass., filed Sept. 1, 2005) (the "SEC Action"), Docket No. 17, a copy of which is attached hereto at Tab B and to which Dr. Selden respectfully refers. Additional detail and materials are provided in the Affidavit Of Justin J. Daniels In Support Of Plaintiff's Motion For Order To Show Cause And Preliminary Injunction, filed today in connection with this motion.

## Argument

### I.  THE COURT SHOULD ENTER A PRELIMINARY INJUNCTION REQUIRING THE FDA TO PRODUCE ALL COURT-ORDERED DOCUMENTS BY NOVEMBER 15, 2006

In determining whether to grant preliminary injunctive relief, the Court is to consider four factors: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Ross-Simons Of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); see also Thermo Web Sys., Inc. v. Beebe, No. 00-40170, 2000 WL 1876418, *2 (D. Mass. Dec. 20, 2000) (Gorton, J.). In addition, mandatory injunctions require the enjoined party to act affirmatively, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Mass. Coal. Of Citizens With Disabilities v. Civil Def. Agency, 649 F.2d 71, 76 n.7 (1st Cir. 1981). Dr. Selden's motion meets and exceeds those standards.

### A.  Dr. Selden Has A Likelihood Of Success On The Merits Of His Claims For Relief

Dr. Selden asserts four meritorious causes of action against Defendants in support of his request for injunctive relief:

The APA Claim. The APA authorizes a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings, and conclusions" that are, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

2

This is so even when the "agency action" at issue constitutes a failure to act. 5 U.S.C. §

551(13). Courts can also overturn an agency decision under the APA if the decision is

"without observance of procedure required by law." Id. § 706(2)(D). In this case,

Defendants' refusal to comply in a timely manner with the D.C. Order constitutes a clear

withholding and unreasonable delay of agency action, as well as an unlawful failure to act.

The Mandamus Act Claim. Under the Mandamus Act, "[t]he district courts

shall have original jurisdiction of any action in the nature of mandamus to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to

the plaintiff." 28 U.S.C. § 1361. For example, in Kahmann v. Reno, 967 F. Supp. 731

(N.D.N.Y. 1997), plaintiff claimed that the INS did not sufficiently comply with a prior

district court order enforcing a "make whole" remedy imposed by the EEOC. Id. at 732.

The Court granted the writ of mandamus and ordered additional agency compliance with

the court order. Like Kahmann, the D.C. Order in this case creates a clear legal duty owed

to Dr. Selden, and Defendants' twenty-two month schedule constitutes a plain violation of

that Order in light of the pretrial schedule in the SEC Action. The mandamus claim is

more than likely to succeed.

The FOIA Claim. Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court may

enjoin the FDA from withholding agency records and order the production of those

records. The statute's basic purpose is "to ensure an informed citizenry, vital to the

functioning of a democratic society, or, stated more specifically, to open agency action to

the light of public scrutiny . . . The policy underlying FOIA is thus one of broad

disclosure." Church of Scientology Int'l v. U.S. Dept. of Justice, 30 F.3d 224, 228 (1st Cir.

1994) (citations and internal quotations omitted). "Official information that sheds light on

3

an agency's performance of its statutory duties falls squarely within that statutory purpose." Globe Newspaper Co. v. F.B.I., No. 91-13257, 1992 WL 396327, *2 (D. Mass. Dec. 29, 1992) (Zobel, J.) (citations and internal quotations omitted). Here, the FDA effectively proposes no disclosure at all, since the only purpose for the disclosure in the first place was to permit Dr. Selden to mount a fair and complete defense to the government's enforcement action. If there is any case where enforcement of FOIA is vital, it is here.

The Declaratory Judgment Act Claim. For the reasons set forth above, Dr. Selden's Declaratory Act claim will also likely succeed on the merits.

**B.    Dr. Selden Will Suffer Irreparable
        Harm In The Absence Of This Injunction**

The government in the SEC Action seeks, among other things, to bar Dr. Selden from ever serving as a director or officer of a public company and for a jury to attach a "fraud" label to his supposed actions. Now Dr. Selden faces the prospect of trying to defend himself without perhaps the most important discovery needed for his defense. The irreparable nature of this injury is palpable.

**C.    Dr. Selden's Irreparable Harm Far Outweighs
        Any Possible Discovery Burden On The FDA**

Since the FDA has already agreed to produce the documents, the only remaining question is one of timing. Thus, the only "burden" on this $2 billion dollar-10,000 employee-federal agency is how to allocate its resources. This allocation issue pales in comparison to the harm to Dr. Selden caused by the denial of necessary discovery.

4

**D.     The Public Interest Will Be Served
        By Requiring FDA Compliance And By
        Protecting Dr. Selden's Right To A Fair Defense**

The interests at stake for Dr. Selden are of deep public importance.  Our

entire modern civil process is meant to provide parties with fair access to, and complete

disclosure of, all information relevant to the matter in dispute.  A trial is not supposed to

be a game of stonewall or blindman's bluff.  U.S. v. Procter & Gamble Co., 356 U.S. 677,

683 (1958).  It is a "search for the truth."  8 Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 2001, at 40 (2d ed. 1994).  Courts have long recognized

that this search will succeed only if each and every party has the right to present its own

evidence and to rebut that of its opponent.  Indeed, it is a right that is "a fundamental

element of due process of law."  Washington v. Texas, 388 U.S. 14, 19 (1967); see also

Westinghouse Elec. Corp. v. City of Burlington, 351 F.2d 762, 767 (D.C. Cir. 1965)

("[T]he paramount interest of the Government in having justice done between litigants in

the Federal courts militates in favor of requiring a great effort on its part to produce any

documents relevant to a fair termination of this litigation.").  In this case, Defendants'

refusal to produce documents in a timely manner cuts directly against this basic principle.

**Conclusion**

Dr. Selden's nearly year-long effort to obtain discovery from the FDA is

continuing.  Although the D.C. Court entered a final order granting his motion to compel,

the FDA's self-created, twenty-two month production schedule threatens to undo any

possible benefit from the Order.  For all of those reasons, as well as the reasons contained

in Dr. Selden's other supporting papers, this Court should grant Plaintiff's Motion For

5

Order To Show Cause And Preliminary Injunction and direct entry of an order consistent

with the relief requested herein.

Dated: October 5, 2006
   Boston, Massachusetts

         Respectfully submitted,

         Thomas J. Dougherty (BBO #132300)
         Justin J. Daniels (BBO #656118)
         SKADDEN, ARPS, SLATE,
          MEAGHER & FLOM LLP
         One Beacon Street
         Boston, Massachusetts 02108
         (617) 573-4800

         Counsel for Plaintiff
         Richard F. Selden

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| IN RE: SUBPOENAS IN | : | | |
| | : | | |
| SECURITIES AND EXCHANGE | : | | |
| COMMISSION, | : | | |
| | : | | |
| Plaintiff, | : | Misc. No.: | 05-0476 (RMU) |
| | : | | |
| v. | : | Document No.: | 1, 7 |
| | : | | |
| RICHARD F. SELDEN, | : | | |
| | : | | |
| Defendant, | : | | |
| | : | | |
| and, | : | | |
| | : | | |
| FOOD AND DRUG ADMINISTRATION, | : | | |
| | : | | |
| Interested Party. | : | | |

## ORDER

### GRANTING DEFENDANT SELDEN'S MOTION TO COMPEL; DENYING THE FDA'S MOTION TO QUASH

For the reasons stated in the Memorandum Opinion contemporaneously filed herewith, it

is this 16th day of August, 2006,

**ORDERED** that defendant Selden's motion to compel is **GRANTED**, and it is

**FURTHER ORDERED** that the FDA's motion to quash is **DENIED**, and it is

**ORDERED** that the FDA comply with Selden's subpoenas in accordance with the

FDA's *Touhy* regulations, and it is

**FURTHER ORDERED** that the parties provide this court (and a courtesy copy to the

trial court in Massachusetts) with a joint status report outlining the parties' anticipated timing for

the FDA's fulfillment of Selden's subpoena requests pursuant to the FDA's *Touhy* regulations.

The parties must file their joint status report within 7 days of this order.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: SUBPOENAS IN           :
           :
SECURITIES AND EXCHANGE   :
COMMISSION,             :
           :
        Plaintiff,      :    Misc. No.:      05-0476 (RMU)
           :
        v.          :    Document No.:   1, 7
           :
RICHARD F. SELDEN,       :
           :
        Defendant,    :
           :
        and,        :
           :
FOOD AND DRUG ADMINISTRATION,  :
           :
        Interested Party.   :

MEMORANDUM OPINION

GRANTING DEFENDANT SELDEN'S MOTION TO COMPEL;
DENYING THE FDA'S MOTION TO QUASH

I.    INTRODUCTION

      The United States Securities and Exchange Commission ("SEC") filed a securities

enforcement action against Richard F. Selden in federal court in Massachusetts. In preparing his

defense, Selden served two subpoenas on the United States Food and Drug Administration and

the Center for Biologics Evaluation and Review, a division of the Food and Drug Administration

(collectively, the "FDA").

      In the instant action, Selden seeks to compel the subpoenas *duces tecum* he served on the

FDA. The FDA seeks to quash the subpoenas arguing that Selden failed to comply with the

FDA's regulations governing requests for document production and that the subpoenas are

unduly burdensome. Because the FDA's regulations require it to treat subpoenas as requests for

records, and because the FDA has not yet processed Selden's subpoenas in accordance with those

regulations, the court compels the FDA's compliance with the subpoenas and denies the FDA's

motion to quash. Because the FDA has not yet processed Selden's subpoenas, the court cannot

assess whether any document production would be unduly burdensome.

## II.    BACKGROUND

### A.    Factual Background

On September 1, 2005, the SEC filed a securities enforcement action against Richard F.

Selden in the United States District Court for the District of Massachusetts. *SEC v. Selden*, Civ.

No. 05-11805 (D. Mass. Sept. 1, 2005); Mot. to Compel at 1. The SEC's complaint alleges that

Selden, in his position as chief operating officer for Transkaryotic Therapies, Inc. ("TKT"), a

small biotechnologies firm, interfered with the FDA's review of TKT's drug, Replagal, for

domestic marketing approval.[1] Mot. to Compel at 1. Specifically, the SEC alleges that Selden

made "materially misleading public statements by TKT about the status of the FDA application

for Replagal." Mot. to Compel, Ex. C ¶ 1.

To prepare his defense, Selden served two subpoenas on the FDA for testimony and

---

[1]    Replagal is a TKT drug used for the treatment of Fabry disease, a rare genetic disorder
caused by a missing enzyme needed to metabolize lipids in the body. Mot. to Compel at
1.

documents relating to Replagal, TKT, and Selden, or otherwise relating to the underlying case.[2]
Mot. to Compel at 2; Mot. to Compel Ex. A-B; Mot. to Quash at 2-3. In a letter dated November
9, 2005, the FDA objected to the subpoenas and requested that Selden withdraw them.[3] Mot. to
Compel Ex. D ("Objection Letter"). In numerous letter between the FDA and Selden, the FDA
reiterated its objections to the subpoenas and encouraged Selden to file his request for documents
pursuant to the Freedom of Information Act ("FOIA"). Mot. to Quash at 5-6. Selden did not
withdraw the subpoenas but instead reasserted his need for the information in preparing his
defense in the securities enforcement action in Massachusetts. Mot. to Compel at 2.

### 2.    Procedural Background

On February 10, 2006, this court held the case in abeyance pending a ruling by the
United States Court of Appeals for the District of Columbia in the case of *Yousuf v. Samantar*,
451 F.3d 248 (D.C. Cir. 2006). Order (Feb. 10, 2006). On June 16, 2006, the Court of Appeals
issued its ruling and held that a government agency is a "person" under Rule 45 and, therefore,
can be the target of a third-party subpoena. *Yousuf*, 451 F.3d 248. Following the Court of

---

[2]    The subpoenas for testimony are not at issue here. The FDA responded to Selden's
request for testimony by allowing the deposition of Dr. Marc K. Walton and denying
Selden's request for testimony from James Kaiser, Rafel Rieves, and Karen Weiss.
Supplemental Mem. in Supp. of Mot. to Quash Ex. 2. Selden has not objected to the
FDA's denial of his request for testimony.

[3]    The FDA objects to the subpoenas on the grounds that (1) the FDA is not a "person"
within the meaning of Rule 45 and therefore cannot be the subject of a third-party
subpoena; (2) the subpoenas do not comply with the FDA's *Touhy* regulations; (3) the
requested documents contain "trade secrets and confidential commercial information;"
(4) the requested documents are "exempt from public disclosure by the deliberative
process privilege and personal privacy regulations;" (5) the subpoenas do not give the
FDA "a reasonable time to respond;" and (6) the subpoenas are "unduly burdensome and
over broad because they [seek] documents that [are] more than 18 years old, and because
they [seek] certain documents that are publicly available in electronic format on the
internet." Mot. to Quash at 4-5; Mot. to Compel Ex. D ("Objection Letter").

Appeals' decision, the parties submitted supplemental memoranda to the court addressing the

applicability of *Yousuf* to the present case. Supplemental Mem. in Supp. of Mot. to Compel

("Supp. Mem. to Compel"); Supp. Mem. in Support of Mot. to Quash ("Supp. Mem. to Quash").

In his supplemental memorandum, Selden again seeks the FDA's compliance with the

subpoenas and asks the court to compel full disclosure by August 31, 2006, so that Selden can

prepare his defense in the Massachusetts action.[4]  *Id.*  The FDA continues to object to the

subpoenas on the grounds that (1) the subpoenas do not comply with the FDA's *Touhy*

regulations governing information requests, and that (2) the FDA would be unduly burdened by

compliance with the subpoenas.[5]  Supp. Mem. to Quash, 6-11.  The FDA, therefore, asks the

court to quash the subpoenas or, in the alternative, to (1) narrow the scope of the subpoenas; (2)

provide a "reasonable time period" for the FDA to respond; and/or (3) require Selden pay the

costs of the requested production.  *Id.* at 12-14.  The court now turns to these claims.


### III.    ANALYSIS

### 1.    Legal Standard for *Touhy* Regulations

A federal government agency may create procedures for responding to subpoenas and

requests for testimony pursuant to 5 U.S.C. § 301, the federal "housekeeping" statute. *Bobreski*

*v. EPA*, 284 F. Supp. 2d 67, 73 (D.D.C. 2003); *see also United States ex rel. Touhy v. Ragen*, 340

---

[4]    According to Selden, the parties in the Massachusetts action must complete all written
discovery by October 30, 2006.  Supp. Mem. to Compel, 8.

[5]    Following the Court of Appeals' decision in *Yousuf*, the FDA has abandoned its claim
that the government is not a "person" within the meaning of Rule 45.  *See* Supp. Mot. to
Quash, 1-2.

4

U.S. 462, 468 (1951).  Specifically, § 301 authorizes the head of an agency to "prescribe

regulations for the government of his department, the conduct of its employees, the distribution

and performance of its business, and the custody, use and preservation of its records, papers and

property."  *Bobreski*, 284 F. Supp. 2d at 73 (quoting 5 U.S.C. § 301).  These regulations,

generally called *Touhy* regulations, serve the government's need to make a "centraliz[ed]

determination as to whether subpoenas duces tecum will be willingly obeyed or challenged[.]"

*Touhy*, 340 U.S. at 468.

### B. The Court Grants Selden's Motion to Compel and Denies the FDA's Motion to Quash the Subpoenas

The FDA maintains that Selden's subpoenas did not constitute valid requests for

documents under the FDA's *Touhy* regulations.  Mot. to Quash at 17-21; Supp. Mot. to Quash at

6-9.  The FDA claims, therefore, that it is not required to respond to the subpoenas.  *Id.*

Federal agencies must "follow their own rules, even gratuitous procedural rules that limit

otherwise discretionary actions."  *Steenholdt v. FAA*, 314 F.3d 633, 639 (D.C. Cir. 2003) (citing

*United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)).  Under the FDA's own rules,

"[a]ny request for records of the Food and Drug Administration, whether it be by letter *or by a*

*subpoena duces tecum* or by any other writing, shall be handled pursuant to the procedures

established in Subpart B of this part[.]"  21 C.F.R. § 20.2(a) (emphasis added).  Under Subpart B,

the FDA handles subpoenas *duces tecum* in accordance with the procedures for the production of

all agency records pursuant to FOIA.  21 C.F.R. § 20.2(b).

Holding the FDA to its own rules then, the FDA must treat the subpoenas as requests for

documents pursuant to its *Touhy* regulations and respond in kind.  *Id.*; *see also* Supp. Mem. to

Quash Ex. 3 (Apr. 6, 2006 Selden Letter) (identifying the FDA's own regulations as requiring

subpoenas to be treated as *Touhy* requests). And because the FDA must treat the subpoenas

*duces tecum* as requests for documents under its *Touhy* regulations, the FDA must respond to

Selden's subpoenas pursuant to its *Touhy* regulations.[6] Accordingly, the court grants Selden's

motion to compel and denies the FDA's motion to quash the subpoenas.

### C.    The Court Declines to Rule on Whether the Subpoenas are Unduly Burdensome

The FDA must submit the subpoenas to its *Touhy* process pursuant to the court's ruling.

The FDA argues, however, that compliance with the subpoenas would be unduly burdensome.

But, because the agency has not yet taken the appropriate administrative action on these requests

under its regulations, the extent of any document production pursuant to Selden's request is, at

this juncture, speculative. The court, therefore, is unable to assess the FDA's argument that

compliance would be burdensome. Accordingly, the court declines to rule on the FDA's

objection that the subpoenas are unduly burdensome, declines to rule on the FDA's motion to

modify the subpoenas, and orders the FDA to proceed under the policies it has set forth in its

---

[6]    Relying on the Court of Appeals' decision in *Yousuf*, Selden contends that he is entitled
to immediate access to the documents; that he need not wait on the FDA's *Touhy*
process. Supp. Mem. to Compel at 6-7. In *Yousuf*, the D.C. Circuit held that a
government agency could be the subject of a third-party subpoena under Rule 45 of the
Federal Rules of Civil Procedure. 451 F.3d at 250. Selden reads this decision as
allowing a litigant, in subpoenaing a government agency, to bypass that agency's *Touhy*
process altogether. Supp. Mem. to Compel at 6-7. Selden misapprehends the Court of
Appeals' decision. In *Yousuf*, the court did not suggest that a litigant would be able to
bypass a federal agency's *Touhy* regulations by subpoenaing the agency. In fact, the
court explicitly acknowledged the role of *Touhy* regulations as the vehicle through which
a federal agency responds to a subpoena *duces tecum*. *Yousuf*, 451 F.3d at 257 (citing
*Touhy*, 340 U.S. at 464, 469). Accordingly, Selden must wait for the FDA to process his
subpoenas under its *Touhy* regulations.

*Touhy* regulations.[7]

### IV.    CONCLUSION

For the foregoing reasons the court, this 16th day of August, 2006, compels the FDA's

compliance with Selden's subpoenas in accordance with the FDA's *Touhy* regulations.  An order

instructing the parties in a manner consistent with this Memorandum Opinion is issued

contemporaneously.

RICARDO M. URBINA
United States District Judge

---

[7]    The court notes that the FDA must proceed through its *Touhy* process prior to any
document production and that, under its procedures, it will treat the subpoenas as FOIA
requests.  21 C.F.R. § 20.  The FDA indicates that the parties have made "significant
progress" in negotiating the scope of Selden's document requests and that Selden has
already received approximately 300 pages of responsive documents from the FDA.
Supp. Mem. to Quash at 4-5.  Selden contends that, although engaging in dialogue, the
FDA has not produced any documents in response to his subpoenas.  Supp. Mem. to
Compel, 8.

Though delay will not affect this court's docket, the court reminds the FDA that Selden
wants these documents to prepare a defense to the pending action in the United States
District Court for the District of Massachusetts.  Thus, the FDA must engage Selden's
request, and formulate a response, with dispatch (rather than place Selden's subpoena
request at the back of the FOIA que).  Toward that end, the court orders the parties to
provide this court and the trial court in Massachusetts with a joint status report outlining
the parties' anticipated timing for the FDA's fulfillment of Selden's subpoena requests
pursuant to the FDA's *Touhy* regulations.  The court anticipates and expects the FDA's
good faith, prompt, and satisfactory compliance in this endeavor.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE            :
COMMISSION,                        :
                                   :
                   Plaintiff,      :      Civil Action
                                   :      No. 05-11805-NMG
        v.                         :
                                   :
RICHARD F. SELDEN,                 :
                                   :
                   Defendant.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT RICHARD F. SELDEN'S STATEMENT IN CONNECTION WITH THE SEPTEMBER 28, 2006 STATUS CONFERENCE

In connection with the status conference scheduled before this Court on

Thursday, September 28, 2006, defendant Richard F. Selden respectfully submits the

following statement regarding the U.S. Food and Drug Administration's ("FDA's") recent

statement that it will take the agency 22 months to comply with Dr. Selden's federal

subpoenas issued on October 28, 2005 (the "Subpoenas").

### Preliminary Statement

On August 16, 2006, U.S. District Judge Ricardo M. Urbina issued an order in

S.E.C. v. Selden, Case No. 1:05-mc-00476-RMU (D.D.C.), granting in its entirety Dr.

Selden's motion to compel the FDA's compliance with the Subpoenas (the "D.C. Order").[1]

However, notwithstanding the pretrial schedule in this action (which, among other things,

provides that all written discovery must be completed by October 30, 2006), the FDA has said

it will need another 22 months to comply with the Subpoenas.

---

[1]     Dr. Selden submitted a copy of the D.C. Order and related Memorandum Opinion to this Court with his
Notice Of Filing Joint Status Report (Docket No. 16, filed Aug. 25, 2006).

## **Background**

This is a securities enforcement action brought against Dr. Richard F. Selden by the U.S. Securities and Exchange Commission ("SEC"). Dr. Selden is the founder and former President and Chief Executive Officer of Transkaryotic Therapies, Inc. ("TKT"), a small biotechnology firm previously located in Cambridge, Massachusetts.[2] The SEC alleges that Dr. Selden violated the federal securities laws in connection with the FDA's review for domestic marketing approval of Replagal, TKT's drug for the treatment of Fabry disease, a rare genetic disorder. According to the Complaint, Dr. Selden, in his position as CEO of TKT, is responsible for a "series of [allegedly] materially misleading public statements by TKT about the status of the FDA application for Replagal." Complaint, SEC v. Selden (filed Sept. 1, 2005) ("Compl."), ¶ 1.

The SEC's entire case is based on the FDA's review of TKT's application for Replagal, its communications with TKT in this regard, and the steps both the FDA and TKT perceived as necessary for Replagal to obtain marketing approval in the United States. See, e.g., Compl. ¶¶ 2-4, 12-14, 21-22, 24-26, 28-33, 35, 38-39, 41-42, 44-53, 55, 59-60, 62, 66, 70 & 74.

Given the critical importance of FDA evidence to Dr. Selden's defense, on October 28, 2005 -- the first day he was permitted to do so by the Federal Rules of Civil Procedure -- Dr. Selden issued two federal subpoenas on the FDA going directly to the issues raised by the SEC's Complaint. The FDA opposed the Subpoenas. That began an eleven-month effort by Dr. Selden to secure his needed FDA discovery. The brief chronology of that effort is as follows:

---

[2]     In July 2005, TKT was acquired by Shire Pharmaceuticals Group plc, a U.K. corporation.

## Chronology

### October 2005

- Dr. Selden issued the Subpoenas out of U.S. District Court for the District of Columbia ("D.C. Court"). The FDA first refused to accept service of the Subpoenas, then did so several days later.

### November 2005

- The FDA Chief Counsel's Office informed Dr. Selden by letter that it would not comply in any respect with the Subpoenas and requested that they be withdrawn.

- Dr. Selden responded to the FDA's letter, restating the essential nature of the subpoenaed discovery, reviewing the FDA's extensive prior cooperation with the SEC in this case, reviewing the relevant case law, and requesting that the FDA reconsider its position.

- This Court held the Rule 16 scheduling conference. At the conference, counsel for Dr. Selden informed the Court of the Subpoenas and the discovery dispute with the FDA, and advised that the open issue of FDA discovery could impact the scheduling of this action going forward.

- When agreement with the FDA could not be reached, Dr. Selden filed a motion to compel in the D.C. Court. S.E.C. v. Selden, Case No. 1:05-mc-00476-RMU (D.D.C., filed Nov. 23, 2005).

### December 2005

- The FDA filed its opposition to Dr. Selden's motion to compel and cross-moved to quash the Subpoenas. Among the FDA's asserted grounds was the position that the FDA is not a "person" under Fed. R. Civ. P. 45 and thus cannot be subpoenaed.

- Dr. Selden filed his opposition to the FDA's motion to quash and reply in further support of his motion to compel.

### January 2006

- The FDA filed its reply in further support of its motion to quash.

### February 2006

- The D.C. Court issued an order holding the matter in abeyance pending decision by the U.S. Court of Appeals for the District of Columbia Circuit in Yousuf v. Samantar, No. 05-5197 (D.C. Cir.) ("Yousuf"), on the grounds that the enforcement of the federal governmental subpoena

in that case raised some of the same issues raised during the proceedings
before the D.C. Court.[3]

- Days later, Dr. Selden moved the U.S. Court of Appeals for leave to file
  a brief in Yousuf as an amici curia.

- The Department of Justice filed a brief opposing Dr. Selden's motion for
  leave, and the U.S. Court of Appeals denied Dr. Selden's motion.

- Dr. Selden filed an unopposed motion with this Court seeking to extend
  all pretrial deadlines by six months in light of the FDA's refusal to
  comply with the Subpoenas as well as the continuing proceedings in the
  D.C. Court.  (See Docket Nos. 14 & 15.)

March 2006

- This Court granted Dr. Selden's motion to amend the Scheduling Order
  and set the following revised deadlines, among others:

  | | |
  |---|---|
  | Sept. 29, 2006: | Last day to serve written discovery |
  | Oct. 30, 2006: | Last day to answer written discovery |
  | Feb. 28, 2007: | Last day for fact depositions |
  | June 30, 2007: | Last day of expert discovery |
  | Aug. 17, 2007: | Last day to file dispositive motions |

- In this matter, counsel for the SEC contacted Dr. Selden and offered to
  assist Dr. Selden in obtaining discovery from the FDA.

- Dr. Selden served "Touhy" requests for testimony on the FDA.[4]

April-May 2006

- At the prompting of the SEC, the FDA began a dialogue with Dr. Selden.
  Numerous phone calls took place.  During this time Dr. Selden agreed to
  narrow several of his requests.

---

[3]    A copy of the D.C. Court's February 2006 Order was provided to this Court in connection with Dr.
Selden's unopposed motion to extend the Scheduling Order in this matter.  (See Docket No. 15, Ex. 1.)

[4]    The FDA's Touhy regulations (named after United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951)),
are contained at 21 C.F.R. Part 20, and provide a mechanism for private citizens (whether or not in litigation) to
request testimony and documents from the FDA.  With respect to documents, Dr. Selden complied with Touhy
by serving the subpoenas.  Dr. Selden decided to make Touhy requests for testimony in light of the FDA's
continued intransigence and the prospect of several more months of delay in obtaining relief in court.

<u>June 2006</u>

- The D.C. Circuit issued its ruling in <u>Yousuf</u>, holding, among other things, that federal governmental agencies (such as the FDA) <u>are</u> "persons" subject to subpoena under Rule 45.  <u>Yousuf v. Samantar</u>, 451 F.3d 248, 252-57 (D.C. Cir. 2006).

- Pursuant to the D.C. Court's February 2006 Order, Dr. Selden and the FDA submitted memoranda regarding the impact of the <u>Yousuf</u> decision on their respective motions to compel and to quash the Subpoenas.

<u>July 2006</u>

- More than two months after receiving Dr. Selden's March 2006 <u>Touhy</u> requests, the FDA responded by refusing to produce <u>any</u> of the witnesses requested by Dr. Selden for testimony, but for the witness from whom the SEC had previously taken testimony.  The FDA's sole stated rationale for denying the testimony was that the testimony would be "duplicative."

- Dr. Selden responded to the FDA's <u>Touhy</u> letter, pointing out the many respects in which the testimony being sought is not duplicative and requesting that the FDA reconsider its refusal to produce the witnesses for testimony.  The FDA has never responded to this letter.

- With respect to documents, the SEC-initiated dialogue between Dr. Selden and the FDA continued; however, despite making progress on the substance, the FDA had yet to produce <u>a single piece of paper</u>.

<u>August 2006</u>

- Judge Urbina granted in its entirety Dr. Selden's motion to compel FDA compliance with the Subpoenas and denied the FDA's motion to quash same.  The Court also required the parties to submit a Joint Status Report within fifteen days and to provide a courtesy copy to this Court.

- The Joint Status Report was filed with the D.C. Court and a courtesy copy was provided to this Court.  (<u>See</u> Docket No. 16.)  Among other things, the FDA stated in the Report that it will take the agency <u>22 months</u> to review and produce the requested documents.  (According to the FDA's estimate, one person working full time will need <u>six-to-seven weeks</u> to review and produce a single box of documents.)

- Given the FDA's 22-month predicted production, and other issues identified in the Joint Status Report, Dr. Selden requested a conference before the D.C. Court.  No such conference has yet been scheduled.

As the above clearly demonstrates, Dr. Selden promptly, diligently and aggressively pursued discovery from the FDA in this matter -- by far the most important non-party to his defense -- for nearly eleven months. Still, notwithstanding the D.C. District Court's favorable ruling, Dr. Selden has not come close to obtaining the FDA discovery he has sought since October of 2005.

## Conclusion

Consequently, while Dr. Selden continues to pursue substantive relief before the D.C. Court in response to the FDA's positions, he respectfully seeks this Court's guidance on the pretrial schedule so he may mount a fair and complete defense to the SEC's charges.

Dated: September 20, 2006          Respectfully submitted,
Boston, Massachusetts

/s/ Thomas J. Dougherty_____
Thomas J. Dougherty (BBO #132300)
Justin J. Daniels (BBO #656118)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
dougherty@skadden.com
jdaniels@skadden.com

## CERTIFICATE OF SERVICE

I, Justin J. Daniels, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 20, 2006.

Dated: September 20, 2006          /s/ Justin J. Daniels _____
                                   Justin J. Daniels