UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------x
RICHARD F. SELDEN,             :
                               :
              Plaintiff,       :   Civil Action
                               :   No.
       v.                      :
                               :
UNITED STATES FOOD AND DRUG    :   Related To:
ADMINISTRATION and ANDREW C.       S.E.C. v. Richard F. Selden,
VON ESCHENBACH, in his official :  Civil Action No. 05-11805-NMG
capacity as acting commissioner of the
United States Food and Drug    :
Administration,
                               :
              Defendants.          06 CA 11807 NMG
------------------------------x
```

COPY
FILED
CLERKS OFFICE
2006 OCT -5  P 2: 03
U.S. DISTRICT COURT
DISTRICT OF MASS.

## PLAINTIFF'S STATEMENT CONCERNING
## THE COURT'S JURISDICTION IN THIS MATTER

Thomas J. Dougherty
Justin J. Daniels
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Dated: October 5, 2006

Counsel for Plaintiff
Richard F. Selden

# TABLE OF CONTENTS

**PAGE**

Table Of Authorities .................................................................................................................. ii

Preliminary Statement ................................................................................................................1

STATEMENT OF JURISDICTION............................................................................................1

    I.    SUBJECT MATTER JURISDICTION ............................................................................1

        A.    Federal Question:  Administrative Procedure Act........................................1

        B.    Federal Question:  Mandamus Act ...............................................................2

        C.    Federal Question:  Freedom Of Information Act.........................................3

        D.    Federal Question:  "Non-Statutory"..............................................................3

    II.    "PERSONAL" JURISDICTION AND VENUE .................................................4

CONCLUSION..............................................................................................................................5

# TABLE OF AUTHORITIES

**CASES**                                                                                   **PAGE(S)**

Califano v. Sanders,
   430 U.S. 99 (1977)......................................................................................................2

Church of Scientology Int'l v. U.S. Dept. of Justice,
   30 F.3d 224 (1st Cir. 1994)........................................................................................3

Conservation Law Found., Inc. v. Busey,
   79 F.3d 1250 (1st Cir. 1996)......................................................................................2

Minnesota v. U.S.,
   305 U.S. 382 (1939)..................................................................................................4

Moss v. Arnold,
   654 F. Supp. 19 (S.D. Ohio 1986)...............................................................................2

Natural Res. Def. Council, Inc. v. Jamison,
   815 F. Supp. 454 (D.D.C. 1992).................................................................................2

Rhode Island Dept. of Envtl. Mgmt. v. U.S.,
   304 F.3d 31 (1st Cir. 2002)........................................................................................3

U.S. Dept. of Justice v. Tax Analysts,
   492 U.S. 136 (1989)..................................................................................................3

**STATUTES AND RULES**                                                                      **PAGE(S)**

5 U.S.C. § 551............................................................................................................2

5 U.S.C. § 552, et seq..............................................................................................3, 4

5 U.S.C. § 701, et seq..............................................................................................1, 2

28 U.S.C. § 1331......................................................................................................2, 3

28 U.S.C. § 1361.........................................................................................................2

28 U.S.C. § 1391.........................................................................................................4

28 U.S.C. § 1651(a)....................................................................................................2

28 U.S.C. § 2201.........................................................................................................3

Fed. R. Civ. P. 4..........................................................................................................4

**Preliminary Statement**

Plaintiff Richard F. Selden ("Dr. Selden") has filed an action today seeking declaratory and injunctive relief against the United States Food and Drug Administration ("FDA") and Andrew C. von Eschenbach, in his official capacity as acting commissioner of the FDA, to obtain the FDA's meaningful compliance with a final ruling of the United States District Court for the District of Columbia in S.E.C. v. Richard F. Selden, No. 1:05-mc-00476-RMU (D.D.C., Aug. 16, 2006) (the "D.C. Order"),[1] which granted Dr. Selden's motion to compel and ordered the FDA to produce documents in response to two federal subpoenas issued by Dr. Selden on October 28, 2005.

At the status conference before this Court on September 28, 2006, the Court requested briefing on the question of its jurisdiction in connection with this action.

**STATEMENT OF JURISDICTION**

**I.    SUBJECT MATTER JURISDICTION**

The Court's subject matter jurisdiction is based on four separate federal questions.

**A.    Federal Question: Administrative Procedure Act**

Dr. Selden's first claim for relief is based on the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06. The APA creates a private right of action for injunctive relief in federal court against the United States and its agencies and officers: "An action in a court of the United States seeking relief other than money damages . . . shall not be dismissed nor relief therein be denied on the ground that it is against the United States."

---

[1] A copy of the D.C. Order is attached at Tab A to Plaintiff's Motion For Order To Show Cause And Preliminary Injunction, also filed today.

5 U.S.C. § 702. Because an APA claim arises under the laws of the United States, there is subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331. See also Conservation Law Found., Inc. v. Busey, 79 F.3d 1250, 1260-61 (1st Cir. 1996); Califano v. Sanders, 430 U.S. 99, 104-07 (1977).

The APA authorizes federal courts both to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings, and conclusions" that are, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706 (emphasis added). To sustain the latter type of claim, there must be "final agency action," id. § 704, which is defined to include the "failure to act," 5 U.S.C. § 551(13). In this case, the FDA's refusal to comply in a timely manner with the D.C. Order constitutes action withheld and unreasonably delayed as well as a failure to act, all of which is now reviewable under the APA. See Complaint, Selden v. FDA ("FDA Compl.") ¶¶ 20-26.

### B. Federal Question: Mandamus Act

Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Dr. Selden alleges that the FDA owes a clear duty to him under the D.C. Order and has failed in its performance of that duty. FDA Compl. ¶¶ 27-33.[2]

---

[2] At least two courts have found that the All Writs Act, 28 U.S.C. § 1651(a), also gives district courts the power to compel agency action. See Natural Res. Def. Council, Inc. v. Jamison, 815 F. Supp. 454, 464 n.50 (D.D.C. 1992); Moss v. Arnold, 654 F. Supp. 19, 22 (S.D. Ohio 1986).

2

C.   **Federal Question:  Freedom Of Information Act**

Dr. Selden's third claim for relief is based on the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. The statute's basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, or, stated more specifically, to open agency action to the light of public scrutiny . . . The policy underlying FOIA is thus one of broad disclosure." Church of Scientology Int'l v. U.S. Dept. of Justice, 30 F.3d 224, 228 (1st Cir. 1994) (citations and internal quotations omitted). With respect to subject matter jurisdiction, as stated by the Supreme Court: "The FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.' Under this provision, 'federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records.'" U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (citations omitted). That is precisely what Dr. Selden alleges here. FDA Compl. ¶¶ 34-41.

D.   **Federal Question:  "Non-Statutory"**

Dr. Selden's fourth claim seeks injunctive relief pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201. FDA Compl. ¶¶ 42-46. The First Circuit has held that this "non-statutory" cause of action also confers federal subject matter jurisdiction:

> The basic premise behind nonstatutory review is that, even after
> the passage of the APA, some residuum of power remains with
> the district court to review agency action that is ultra vires. Such
> claims usually take the form of a suit seeking an injunction, often
> accompanied by a request for relief under the Declaratory
> Judgment Act, 28 U.S.C. § 2201. The nonstatutory review action
> finds its jurisdictional toehold in the general grant of federal-
> question jurisdiction of 28 U.S.C. § 1331.

Rhode Island Dept. of Envtl. Mgmt. v. U.S., 304 F.3d 31, 42 (1st Cir. 2002) (citations omitted).

3

II.     **"PERSONAL" JURISDICTION AND VENUE**

"Personal" jurisdiction of the federal courts over the United States, its agencies and its officers is determined exclusively by Congress. <u>Minnesota v. U.S.</u>, 305 U.S. 382, 388 (1939) ("[I]t rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought."). In Section 1391 of Title 28, Congress specifically provided that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in <u>any judicial district</u> in which (1) a defendant in the action resides, (2) <u>a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated, or (3) <u>the plaintiff resides if no real property is involved in the action</u>.

28 U.S.C. § 1391(e) (emphasis added). Similarly, with respect to FOIA actions: "On complaint, the district court of the United States in the district <u>in which the complainant resides</u> . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added).

Finally, with respect to service, § 1391 states that "[t]he summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure," <u>id.</u>, and Rule 4 provides for nationwide service of process on the United States, its agencies and officers, Fed. R. Civ. P. 4(i).

## Conclusion

For all of the foregoing reasons as well as those reasons contained in Dr. Selden's other supporting papers, this Court should grant Plaintiff's Motion For Order To Show Cause And Preliminary Injunction and direct entry of an order consistent with the relief requested therein.

Dated: October 5, 2006  
       Boston, Massachusetts

Respectfully submitted,

_____  
Thomas J. Dougherty (BBO #132300)  
Justin J. Daniels (BBO #656118)  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
One Beacon Street  
Boston, Massachusetts 02108  
(617) 573-4800  
dougherty@skadden.com  
jdaniels@skadden.com

Counsel for Plaintiff  
Richard F. Selden