# TAB D

1

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


SECURITIES AND EXCHANGE        )
COMMISSION,                    )
               Plaintiff,      )
                               )
                               )   CA No. 05-11805-NMG
vs.                            )
                               )
                               )
RICHARD B. SELDEN,             )
               Defendant.      )


BEFORE:   THE HONORABLE NATHANIEL M. GORTON


                       STATUS CONFERENCE



         John Joseph Moakley United States Courthouse
                       Courtroom No. 4
                      One Courthouse Way
                       Boston, MA 02210
                 Thursday, September 28, 2006
                          3:18 P.M.




                    Cheryl Dahlstrom, RMR
                    Official Court Reporter
         John Joseph Moakley United States Courthouse
                 One Courthouse Way, Room 3209
                       Boston, MA 02210
            Mechanical Steno - Transcript by Computer
```

```
 1   APPEARANCES:

 2        SECURITIES AND EXCHANGE COMMISSION
          By:  David E. Butler, Esq., and
 3             Franklin C. Huntington, IV, Esq.
          73 Tremont Street, 6th Floor
 4        Boston, Massachusetts 02108-3912
          On behalf of the Plaintiff.
 5
          SKADDEN, ARPS, SLATE, MEAGHER & FLOM
 6        By:  Thomas J. Dougherty, Esq., and
               Justin J. Daniels, Esq.
 7        One Beacon Street
          Boston, Massachusetts 02108
 8        On behalf of the Defendant.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
 1              P R O C E E D I N G S
 2        THE CLERK:  Civil Action 05-11805, Securities and
 3   Exchange Commission vs. Richard Selden.  Counsel please
 4   identify themselves for the record.
 5        MR. HUNTINGTON:  Good afternoon, your Honor.  Frank
 6   Huntington and David Butler for the Securities and Exchange
 7   Commission.
 8        THE COURT:  Good afternoon, Mr. Huntington and Mr.
 9   Butler.
10        MR. DOUGHERTY:  Good afternoon, your Honor.  Thomas
11   Dougherty and Justin Daniels for Richard Selden.
12        THE COURT:  Mr. Dougherty and Mr. Daniels for Mr.
13   Selden, good afternoon.
14        It's my understanding that the real party in interest
15   to these hearings is not present but, rather, down in
16   Washington, D.C.; is that fair to say, Mr. Dougherty?
17        MR. DOUGHERTY:  Yes.
18        THE COURT:  I've read the papers and the background of
19   this matter and am, I guess, equally concerned with the
20   district judge in the District of Columbia that you're not
21   getting sufficient cooperation from the Food and Drug
22   Administration.  I would ask your opinion as to whether an
23   order of this court as opposed to an order from the district
24   court in the District of Columbia would be beneficial.
25        MR. DOUGHERTY:  I don't know.  My concern would be,
```

4

1  without the FDA here, I don't want to characterize or in any
2  way, you know, criticize the FDA.  I just don't.
3          THE COURT:  I understand.
4          MR. DOUGHERTY:  And the SEC has been very helpful to
5  us in our efforts.
6          THE COURT:  What about an order to the Food and Drug
7  Administration to appear in this court to show cause why it
8  should not be held in contempt if it is unable to produce
9  documents for a citizen within 22 months of request?
10         MR. DOUGHERTY:  We would certainly support that, your
11 Honor.
12         THE COURT:  Is it your judgment that this court has
13 jurisdiction over the Food and Drug Administration to make such
14 an order?
15         MR. DOUGHERTY:  Yes, certainly.  The FDA certainly
16 reaches into this venue.
17         THE COURT:  But you are presently engaged in a
18 miscellaneous action against the Food and Drug Administration
19 in the District of Columbia.
20         MR. DOUGHERTY:  Yes. And I wouldn't want to do -- I
21 wouldn't want to suggest anything without coordination with the
22 district court there.  I know from other experiences -- indeed,
23 one that's very parallel to this -- if there were a way to have
24 this court coordinate with that court the order to show cause
25 in either venue, the ultimate resolution in either venue.  And

```
 1   if it were that the FDA's position that they're not subject to
 2   jurisdiction here, I suppose they could raise that as well.
 3           THE COURT:  Well, the trouble with that is that United
 4   States District Courts are not in the habit of calling up each
 5   other and coordinating their efforts.  We like to think that we
 6   operate independently but only on the basis of the jurisdiction
 7   that we have.  That's why I ask you the question, whether I
 8   have jurisdiction.
 9           MR. DOUGHERTY:  Well, I certainly could -- we already
10   have pending in the District of Columbia a request for
11   follow-up conference there.  I could bring a parallel action
12   here against the FDA in the hope that one way or the other --
13           THE COURT:  I'll tell you.  Go ahead.  I didn't want
14   to interrupt you.
15           MR. DOUGHERTY:  Just --
16           THE COURT:  I would be inclined, if I have
17   jurisdiction, to compel somebody, whether it's the Boston
18   representative of the Food and Drug Administration or the
19   director of the Food and Drug Administration in Washington,
20   D.C., to appear in this court to explain to me why it should
21   take 22 months to produce documents in a matter that is
22   time-sensitive and in which the documents need to be had.
23           We wouldn't put up with this from a private litigant.
24   And I don't see -- at least last I heard, the government works
25   for the people and not the other way around.  I don't see why
```

1  such an order shouldn't be, (a), entered and, (b), complied
2  with.
3       MR. DOUGHERTY: And if the mechanics for that, your
4  Honor, were to bring an action that we would file related to
5  this and name the representative --
6       THE COURT: I can't tell you the procedure to follow.
7  I can tell you what I'm inclined to do if I have jurisdiction.
8       MR. DOUGHERTY: And we will be just as energetic on
9  that wavelength as I think we've tried to convey on the other.
10      THE COURT: It seems to this Court that you have been
11 energetic in trying to get that discovery. I don't think you
12 can be faulted, having gone out the month after the last -- the
13 scheduling conference and commenced an effort that has now gone
14 on for -- what, 11 or 12 months?
15      MR. DOUGHERTY: Yeah. Part of our position is, if
16 there had been a B track, as I would call it, that the FDA --
17 it's not a criticism, but as a matter of fact, if they had sort
18 of started then on the alternative that perhaps they were
19 incorrect, just as any litigant would, we would be actually
20 further along.
21      THE COURT: Yeah. Again, I would ask the director how
22 many employees there are in the Food and Drug Administration.
23 And if it takes one of those 12,000, or however many there are,
24 six or seven weeks to sit somewhere and compose this box of
25 information that is relevant to this case, then that will be

1  the order, that he take that six or seven weeks and sit down in
2  a room and produce the documents.
3      I am sympathetic with trying to obtain discovery from
4  mega bureaucracies, and I do not think that there's a good
5  excuse for the conduct that is -- at least from this one-sided
6  story that I have to this point.
7      Does the Securities and Exchange Commission have a
8  position in this regard?  Mr. Huntington.
9      MR. HUNTINGTON:  Your Honor, thank you.  It's
10 complicated.  We have tried to help as best we could.
11     THE COURT:  I understand that you have.
12     MR. HUNTINGTON:  And I appreciate Mr. Dougherty's
13 reference to that, because we really have tried to smooth
14 things along.
15     There is a concern on our part about the scope of what
16 the defense is asking for.  And I'm not sure -- if between your
17 efforts and the efforts of the judge in the District of
18 Columbia, if they could persuade the FDA to produce everything
19 that's been sought much sooner, then I wouldn't even worry
20 about raising the issue.
21     If that's not possible, at some point down the road,
22 we may have a disagreement as to whether everything that the
23 defense is looking for is necessary to really defend this case.
24 We're not ready to argue that today.
25     THE COURT:  There's always room for compromise.  I

1  hope Mr. Dougherty recognizes that and that you may not get the
2  whole loaf, but you might get half a loaf or three-quarters of
3  a loaf by not pressing the more broad sides of the request for
4  documentation.
5      MR. DOUGHERTY: Absolutely. And we've already tried
6  to prioritize it and indicate in order of priority what our
7  priorities are.
8      THE COURT: Well, I will entertain any document or any
9  pleading that you file in that regard, Mr. Dougherty. And
10  we'll also be pleased to have your guidance on the question of
11  jurisdiction if you can so provide it. I won't give you a
12  deadline. Obviously, the deadline is your own. But I think
13  sooner rather than later, and I will act on it as soon as you
14  get me the papers. Of course, if the SEC wishes to respond or
15  file a joint pleading, that's all well and good.
16      MR. HUNTINGTON: Your Honor, I think for -- in terms
17  of comity with another federal agency, we would probably need
18  to stay on the sidelines. But we would certainly not object to
19  anything reasonable that Mr. Dougherty tries to do.
20      THE COURT: If you want to respond in any way to what
21  he does, do it quickly because, otherwise, I'll assume that you
22  have no objection.
23      MR. HUNTINGTON: That's fine, your Honor. We can do
24  that. We wanted to alert you months in advance of the fact
25  discovery cut-off that this was coming. Hopefully --

                                                                9

1                THE COURT:  That's an amended date already.

2                MR. HUNTINGTON:  It was in light of the delays that

3       they experienced earlier.  We're on the same page that that

4       will need to be extended somewhat further.  But, I guess, how

5       much further depends on whether they can get what they want

6       from the FDA sooner rather than later.

7                THE COURT:  We are reasonable in terms of allowing

8       scheduling orders to be amended.  It's just that we want to be

9       in on it.  If you all can agree to a scheduling amendment, it

10      will, in all likelihood, be adopted the way you agree to it.

11      This is a matter that I think is time-sensitive, and we ought

12      to proceed diligently to try to resolve it.

13               MR. DOUGHERTY:  We'll get our papers on this issue to

14      your Honor within a week.

15               THE COURT:  Thank you.

16               MR. DOUGHERTY:  A week from today.

17               THE COURT:  Anything else need to come to my

18      attention?

19               MR. HUNTINGTON:  Don't think so, your Honor.

20      (Whereupon, at 3:29 p.m. the hearing concluded.)

21

22

23

24

25

1        C E R T I F I C A T E

2

3

4        I, Cheryl Dahlstrom, RMR, and Official Reporter of the

5   United States District Court, do hereby certify that the

6   foregoing transcript, from Page 1 to Page 9, constitutes, to

7   the best of my skill and ability, a true and accurate

8   transcription of my stenotype notes taken in the matter of

9   Civil Action No. 05-11805-NMG, Securities and Exchange

10  Commission vs. Richard B. Selden.

11

12

13

14

15

16                              _____

17                              Cheryl Dahlstrom, RMR

18                              Official Court Reporter

19

20

21

22

23

24

25