```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE           )
  COMMISSION,                     )
                                  )
       Plaintiff,                 )
                                  )
       v.                         )   Civil No. 05-0476 (RMU)
                                  )
RICHARD F. SELDEN,                )
                                  )
       Defendant.                 )
_____)
```

## UNITED STATES FOOD AND DRUG ADMINISTRATION'S
## MOTION TO QUASH THIRD-PARTY SUBPOENA

The United States Food and Drug Administration ("FDA"), by and through its undersigned counsel, respectfully moves the Court to quash the subpoena for testimony served on FDA by Richard F. Selden, the defendant in <u>SEC v. Selden</u>, Civ. No. 05-11805 (D. Mass. filed Sept. 1, 2005).  A memorandum in support of this Motion and a proposed Order are attached.

                            Respectfully submitted,

                            _____/s/_____
                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                            United States Attorney

                            _____/s/_____
                            RUDOLPH CONTRERAS, D.C. BAR # 434122
                            Assistant United States Attorney

                            _____/s/_____
                            MARINA UTGOFF BRASWELL, D.C. BAR # 416587
                            LAURIE WEINSTEIN, D.C. Bar # 389511
                            Assistant United States Attorney
                            U.S. Attorney's Office
                            555 4th Street, N.W. - Civil Division
                            Washington, D.C. 20530
                            (202) 514-7226

```
OF COUNSEL:
Daniel Meron
General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Jennifer Zachary
Assistant Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, Maryland 20857
(301) 827-9572
```

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE            )
  COMMISSION,                      )
                                   )
      Plaintiff,                   )
                                   )
      v.                           )  Civil No. 05-0476 (RMU)
                                   )
RICHARD F. SELDEN,                 )
                                   )
      Defendant.                   )
                                   )
```

## **MEMORANDUM IN SUPPORT OF MOTION TO QUASH THIRD-PARTY SUBPOENA**

### I. **INTRODUCTION**

The United States Food and Drug Administration ("FDA") submits this Memorandum in Support of its Motion to Quash Third-Party Subpoena ("Motion to Quash"). This matter arises from a civil action brought by the Securities and Exchange Commission ("SEC") against Dr. Richard Selden in the United States District Court for the District of Massachusetts. SEC v. Selden, Civ. No. 05-11805 (D. Mass. filed Sept. 1, 2005). FDA is not a party to this underlying litigation. On January 29, 2007, Selden served FDA with a subpoena ordering FDA to produce a witness or witnesses on February 20, 2007, for deposition on a wide range of topics.[1] See Selden January 29, 2007 Subpoena attached as Exhibit A.

---

[1] Counsel for FDA and Selden agreed that, regardless of this Court's ruling on the present motion, the deposition would not go forward on February 20, 2007, but would be rescheduled, if necessary, to a mutually agreed-upon date.

FDA asks the Court to quash Selden's subpoena because it is not a proper request for testimony pursuant to FDA's Touhy regulations.[2]

## II.  BACKGROUND

The present subpoena represents only the most recent filing in a barrage of legal demands that Selden has made on FDA, a non-party to his underlying action with the SEC.  Selden began the present litigation on October 31, 2005, by serving FDA and its component, the Center for Biologic Evaluation and Review ("CBER"), with identical subpoenas duces tecum.  These third-party subpoenas commanded the FDA and CBER records custodians to appear and give testimony and also directed FDA to produce hundreds of thousands of pages of documents for Selden's inspection and copying in less than a month.

FDA sent a letter to Selden objecting to the subpoenas on multiple grounds, among them that Selden's subpoenas: (1) could not be used to obtain discovery from FDA because the United States was not a "person" within the meaning of Rule 45; and (2) did not comply with FDA's Touhy regulations governing

---

[2] If this Court were to deny the present motion, FDA reserves the right to seek a protective order under Rule 26 in order to limit the scope of the testimony given pursuant to the subpoena. The limited description of the testimony sought, which Selden has provided with his subpoena, suggests that much of the information he seeks is protected from disclosure pursuant to various discovery privileges and non-disclosure doctrines, including the attorney-client, attorney work product, and deliberative process privileges.

requests for FDA testimony.

In a subsequent telephone conversation with counsel for Selden, FDA's counsel reiterated that Selden's third-party subpoenas did not constitute a proper request for testimony pursuant to the FDA's Touhy regulations.  See 21 C.F.R. § 20.1.  In order to obtain the testimony of the FDA records custodians, Selden's counsel was told that he must submit a written request to the Commissioner of Food and Drugs, and that the request must explain how the requested testimony "will be in the public interest" and "will promote the objectives of the [Federal Food Drug and Cosmetic Act] and the agency."  21 C.F.R. § 20.1(c).  Selden's counsel was further informed that FDA had enforced these same regulations in its dealings with the SEC, and that an FDA official, Dr. Marc Walton, was permitted to speak with the SEC only after the SEC had obtained the written permission of the Commissioner.

On November 23, 2005, Selden filed a motion to compel compliance with his subpoenas, and FDA moved to quash them on the grounds, in part, that they did not constitute a proper request for testimony pursuant to FDA's Touhy regulations.  On February 10, 2006, this Court issued an order holding the action in abeyance pending a ruling by the D.C. Circuit in Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. 2006), an appeal presenting the question of whether federal agencies where subject to third-party

subpoenas under Rule 45.

While the case was held in abeyance, on March 29, 2006, Selden sent a proper written request pursuant to FDA's Touhy regulations for the testimony of four FDA medical reviewers. FDA duly considered the request and, on June 30, 2006, granted Selden the testimony of one of its reviewers, Dr. Walton, who the SEC had also interviewed during its investigation. FDA denied Selden's request for the testimony of three other medical reviewers on the grounds that their depositions would be "duplicative, unlikely to elicit relevant testimony, unduly burdensome, or otherwise inappropriate." See FDA June 30, 2006 Letter attached as Exhibit B.

After Selden sought reconsideration of this denial, FDA further explained that it had authorized the testimony of Dr. Walton because he had been intimately involved with FDA's review of Selden's product, but that Selden had failed to explain what additional information he believed the other three witnesses might possess that he could not obtain from official FDA records or the testimony of Dr. Walton.[3] See FDA December 20, 2006 Letter attached as Exhibit C. Thus, in light of the "substantial diversion of employee time" and "drain [on] seriously limited FDA resources" that would be occasioned by the deposition of these

---

[3]Selden has not deposed nor even scheduled the deposition of Dr. Walton that was authorized by FDA almost eight months ago.

three additional high-ranking FDA medical officers, FDA reiterated its denial of Selden's request for their testimony.

On June 16, 2006, the D.C. Circuit issued its decision in Yousuf, 451 F.3d 248, wherein it rejected the government's argument and established that federal agencies were subject to third-party subpoena under Rule 45.  Shortly thereafter, on August 16, 2006, this Court, applying that ruling to the instant case, granted Selden's motion to compel and denied FDA's motion to quash.  However, this Court did not reject FDA's position on Touhy.  Instead, it held that "Selden must wait for the FDA to process his subpoenas under its Touhy regulations."  SEC v. Selden (In re Subpoenas), 445 F. Supp. 2d 11, 14 n.6 (D.D.C. 2006).

In accordance with this Court's accompanying Order, the parties submitted "a joint status report outlining the parties' anticipated timing for the FDA's fulfillment of Selden's subpoena requests."  August 16, 2006 Order.  The joint report contained a detailed, three-page table listing categories of documents to be produced by FDA along with FDA's anticipated production date for the documents in each category, and a twelve-page summary of the parties respective positions on five "open issues" for which the parties sought the guidance of this Court in order to resolve.

Apparently displeased with the pace of litigation in this Court, Selden sought a preliminary injunction against FDA in the

District of Massachusetts, alleging that he was seeking enforcement of "a final ruling" of this Court. See Transcript of September 28, 2006 Status Conference in SEC v. Selden, Civ. No. 05-11805 (D. Mass.) (Selden filed suit in District of Massachusetts, which is presiding over his underlying litigation with the SEC, in hopes that "an order from this court as opposed to an order from the district court in the District of Columbia would be beneficial.").

After briefing and oral argument on Selden's motion for a preliminary injunction and FDA's motion to dismiss for lack of jurisdiction, the court in the District of Massachusetts found that this Court's August 16, 2006 Order was by no means final and ordered the parties to return to this Court to resolve the dispute regarding the scope and timing of FDA's production of documents subject to Selden's subpoenas.

Following extensive negotiations, the parties submitted to this Court an agreed-upon document production schedule, which was adopted in the Court's Protective Order on November 21, 2006. Thus far, FDA has produced over 12,000 pages of documents subject to the Protective Order and is presently on schedule to complete production to Selden of all documents by May 15, 2007.

As document production proceeds pursuant to this Court's Protective Order, Selden issued the present subpoena to FDA on January 29, 2007, seeking testimony from FDA employees concerning

a broad range of topics, including but not limited to:

    (1) the responses and efforts of various FDA components, including the FDA Office of Chief Counsel, to Selden's subpoenas for documents and the subsequent litigation regarding those subpoenas;

    (2) FDA's search, collection, and review of the documents presently being produced to Selden subject to his subpoenas;

    (3) CBER's "policies and customary practices . . . regarding the use, creation, and maintenance of documents and records (including electronic mail)" in reviewing and evaluating Biologic License Applications and Investigational New Drug Applications; and

    (4) FDA's communications with the SEC and any other governmental agencies regarding Selden and his former company, Transkaryotic Therapies.

See Selden January 29, 2007 Subpoena attached as Exhibit A.

On January 29, 2007, the same day he issued the present subpoena, Selden moved to supplement his complaint against FDA in the District of Massachusetts, adding a claim under the APA that FDA has improperly denied his request for the testimony of the three additional FDA medical officers.  Selden has not, however, attempted to obtain the testimony he seeks pursuant to the present subpoena by means of FDA's Touhy regulations or an APA-based challenge in either this Court or the court in the District of Massachusetts.

### III.  ARGUMENT

**Selden's subpoena is not a proper request for testimony pursuant to FDA's Touhy regulations.**

    Selden's subpoena for testimony should be quashed because it

7

does not comply with FDA's Touhy regulations. As this Court has already held in the instant matter, "[a] federal government agency may create procedures for responding to subpoenas and requests for testimony pursuant to 5 U.S.C. § 301, the federal housekeeping statute." SEC v. Selden (In re Subpoenas), 445 F. Supp. 2d 11, 13 (D.D.C. 2006). Such procedures are commonly referred to as "Touhy regulations" after the Supreme Court case United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951), which confirmed "the usefulness, indeed the necessity," of such regulations placing appropriate limits on demands for agency documents and testimony in third-party litigation.

FDA has promulgated its own Touhy regulations, found at 21 C.F.R. § 20.1, governing requests for the testimony of agency employees. These regulations require that anyone seeking testimony from an FDA employee submit a request in writing to the Commissioner of Food and Drugs. Such a request may only be granted if the Commissioner or an employee designated by him to act on his behalf finds that the requested testimony "will be in the public interest" and "will promote the objectives of the [Federal Food Drug and Cosmetic Act] and the agency." 21 C.F.R. § 20.1(c).

As FDA explained in the 1977 preamble to its Touhy regulations, these requirements were instituted by FDA because "the agency receives a very large number of requests for agency

8

Case 1:05-mc-00476-RMU   Document 27   Filed 02/21/2007   Page 11 of 16

employees to testify in private litigation and other matters in which FDA is not a party.  Were agency employees free, or required, to testify in private litigation whenever requested, the regulatory activities of the agency could be severely disrupted."  42 Fed. Reg. 3094, 3096 (Jan. 14, 1977); see also FDA December 20, 2006 Letter to Selden attached as Exhibit C ("FDA enacted Section 20.1 to permit it to efficiently and fairly allocate its limited resources by funneling all requests for testimony through a centralized decision maker who independently evaluates each request to assess both the specific disruption and cumulative impact of granting the request on FDA's ability to fulfill its mandate to regulate the nation's supply of food, drugs, and medical devices.").

    The courts have recognized the important function that Touhy regulations serve in permitting federal agencies to allocate their scarce resources.  See Bobreski v. EPA, 284 F. Supp. 2d 67, 73-74 (D.D.C. 2003) (finding that "there . . . exists a strong public interest in maximizing the use of limited government resources"); see also COMSAT Corp. v. Nat'l Sci. Found., 190 F.3d 269, 278 (4th Cir. 1999) ("When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources.").

    In numerous telephone conversations and no less than six

letters and four legal briefs during the course of litigating this matter, FDA has repeatedly informed Selden that a subpoena does not constitute a proper request for testimony pursuant to the agency's <u>Touhy</u> regulations. Even so, Selden has now served yet another subpoena for testimony upon FDA. In his response to FDA's February 6, 2007 letter, which once again informs him that he must comply with its <u>Touhy</u> regulations, Selden objects to FDA's request that he withdraw his most recent subpoena and states that "Frankly, given the several court orders that have been issued against you as well as the D.C. Circuit's crystal clear ruling in <u>Yousuf v. Samantar</u>, 451 F.3d 248 (D.C. Cir. 2006), I am surprised that the FDA would continue to take these indefensible positions." <u>See</u> Selden February 6, 2007 Letter attached as Exhibit D.

Selden's rebuke is perplexing in view of the fact that this Court has already informed Selden that he

> misapprehends the Court of Appeals' decision. In <u>Yousuf</u>, the court did not suggest that a litigant would be able to bypass a federal agency's <u>Touhy</u> regulations by subpoenaing the agency. In fact, the court explicitly acknowledged the role of <u>Touhy</u> regulations as the vehicle through which a federal agency responds to a subpoena <u>duces</u> <u>tecum</u>. Accordingly, Selden must wait for the FDA to process his subpoenas under its <u>Touhy</u> regulations.

<u>Selden</u>, 445 F. Supp. 2d at 14 n.6. There is no sound reason for distinguishing Selden's present subpoena <u>ad</u> <u>testificandum</u> from his subpoenas deuces tecum that this Court has already ruled must

be processed pursuant to FDA's Touhy regulations. See Santini v. Herman, 456 F. Supp. 2d 69, 71 (D.D.C. 2006) ("Whether a plaintiff seeks testimony or the production of documents from any agency, she must comply with the agency's Touhy regulations.") (citing Yousuf v. Samantar, 2005 U.S. Dist. LEXIS 8488 (D.D.C. May 5, 2005)).

Despite clear instruction from the Court that he must comply with FDA's Touhy regulations, Selden insists on wasting FDA's limited resources by forcing it to respond to the present subpoena.[4] See Selden February 6, 2007 Letter attached as Exhibit D ("Note that the subpoena is not withdrawn . . . ."). Similar statements were made by Selden to this Court in the parties' Joint Status Report Regarding FDA Compliance with Defendant Richard F. Selden's Federal Subpoenas, wherein Selden stated that he would not comply with FDA's Touhy regulations in seeking testimony from agency employees because he believed that compliance with the regulations constituted nothing more than a "meaningless gesture." Id. at B-11.

This Court's previous ruling and the well established precedent of this Circuit are clear, however, that Selden may not

---

[4] Indeed, we shall have deadlines and legal obligations no matter what Selden does, as many of the same agency personnel who must respond to his subpoena for testimony, are also assisting with the voluminous document production he demanded from FDA pursuant to his two subpoenas deuces tecum. Moreover, these same employees are presently defending against Selden's parallel litigation against FDA in the District Court of Massachusetts.

11

obtain the testimony he desires from FDA by means of a subpoena because FDA has enacted valid Touhy regulations governing such requests.  See Houston Bus. Journal, Inc. v. Office of the Comptroller, 86 F.3d at 1212 n.4 (observing that "federal-court litigants may [not] obtain a subpoena ad testificandum against an employee of a federal agency that has enacted a Touhy regulation"); Bobreski, 284 F. Supp. 2d at 73 ("Once an agency has enacted valid Touhy regulations, an agency employee cannot be forced to testify."); see also Edwards v. U.S. Dep't of Justice, 43 F.3d 312, 317 (7th Cir. 1994) ("Touhy is party of an unbroken chain of authority that supports the . . . contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations.").

At FDA's urging, Selden also submitted a request for testimony a week after his subpoena was served.  See FDA February 6, 2007 Letter attached as Exhibit E; Selden February 6, 2007 Letter attached as Exhibit D.  FDA is presently processing this request in accordance with its Touhy regulations, 21 C.F.R. § 20.1, and in so doing is aware of the Court's previous admonition with respect to Selden's subpoenas for documents, that "FDA must engage Selden's request, and formulate a response, with dispatch."  See FDA February 8, 2007 Letter attached as Exhibit F (assuring Selden that in processing his request, FDA is "aware of the exigencies of your underlying litigation").

Should Selden find himself dissatisfied by FDA's response to his request for testimony pursuant to its Touhy regulations, he must seek review of the agency's decision under the APA. Houston Bus. Journal, 86 F.3d at 1212 n.4; see also Bobreski, 284 F. Supp. 2d at 73-74 (holding that "[a] party challenging an agency's Touhy-based denial of a subpoena or request for testimony must proceed under the APA") (citation and quotation marks omitted). Selden cannot, however, obtain testimony from FDA by means of a subpoena. This Court should, therefore, quash Selden's subpoena.

### IV. CONCLUSION

For the above-stated reasons, FDA respectfully requests that this Court quash Selden's subpoena for testimony.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MARINA UTGOFF BRASWELL, D.C. BAR # 416587
LAURIE WEINSTEIN, D.C. Bar #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

OF COUNSEL:
Daniel Meron
General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Jennifer Zachary
Assistant Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, Maryland 20857
(301) 827-9572