

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**                    Public Health Service

---

Food and Drug Administration
Rockville MD 20857

**CERTIFIED MAIL
RETURN RECEIPT**

June 30, 2006

Justine J. Daniels, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108-3194

Dear Mr. Daniels:

This is in response to your letter dated March 29, 2006, requesting testimony from the
Food and Drug Administration (FDA). Your letter specifically requested authorization
for the testimony of Mr. James Kaiser, Mr. Rafel "Dwaine" Rieves, Dr. Marc K. Walton
and Ms. Karen Weiss in connection with a case entitled SEC v. Selden, Civ. No.
05-11805 (D. Mass. filed Sept. 1, 2005).

As you know, your request for the testimony of an FDA employee is governed by the
U.S. Code of Federal Regulations (C.F.R.), Title 21 Part 20. This regulation prohibits
any FDA employee from providing testimony before any tribunal pertaining to any
information acquired in the discharge of his or her official duties except with the express
authorization of the Commissioner of Food and Drugs or an employee designated by him
to act on his behalf. As Director of the Division of Compliance Policy in the Office of
Enforcement, I have been delegated the authority by the Commissioner of Food and
Drugs to review any requests made under 21 C.F.R. Part 20.

Congress has charged FDA with the authority to enforce the Federal Food, Drug, and
Cosmetic Act (FDCA) and other laws aimed at protecting the nation's health. In fulfilling
this vital function, FDA regulates the manufacture, import, storage, promotion, sale, and
distribution of nearly one trillion dollars worth of foods, drugs, devices, biological
products, and cosmetics produced annually by more than 100,000 businesses worldwide.
FDA has limited resources and must continuously make difficult policy decisions as to
how it may best allocate its restricted staff and finite budget. Were FDA to provide
testimony in all cases involving products regulated by the agency, key agency personnel
would spend an inordinate amount of time preparing for and providing testimony in
litigation to which the agency is not a party. This would substantially inhibit FDA's
ability to effectively safeguard the public health.

Page 2

Section 20.1, 21 C.F.R., provides that a request for testimony may be granted upon a determination that the testimony requested both is in the interest of the public health and in furtherance of the objectives of the FDCA and the agency. Because of FDA's limited resources and the vast number of requests the agency receives for its personnel to testify in litigation to which FDA is not a party, FDA may, in its discretion, disapprove a request for testimony even when these prerequisites have been met. In addition, FDA must deny requests that are duplicative, unlikely to elicit relevant testimony, unduly burdensome, or otherwise inappropriate. The agency must therefore carefully assess requests for testimony made pursuant to section 20.1.

After considering the merits of your requests, FDA has determined that your request to depose Dr. Marc K. Walton is in the public interest and promotes the objectives of the FDCA and the agency, and hereby authorizes him to provide certain testimony. Dr. Walton's deposition testimony shall take place at one time only, at an agreed-upon location, and shall not exceed seven (7) total hours. The deposition may be videotaped so that it may be used at trial in lieu of Dr. Walton's appearance. No information entitled to protection as a trade secret shall be revealed by Dr. Walton. See 21 U.S.C. § 331(j). Dr. Walton will testify only to facts regarding FDA's drug approval process and his involvement in that process as it relates to Trankaryotic Therapies Inc.'s Replagal product. He will not offer expert opinions on any manner and will be instructed not to answer any questions outside of the scope of the questioning authorized by this letter. You may contact Jennifer Zachary, Esq., in FDA's Office of Chief Counsel at 301-827-9572 to arrange a time and date for Dr. Walton's testimony.

In addition, pursuant to 21 C.F.R. § 20.1, I am denying your request for the testimony of Mr. James Kaiser, Mr. Rafel Rieves, and Ms. Karen Weiss because their testimony will likely be duplicative of Dr. Walton's testimony. If you have any further questions about this letter, please contact Ms. Anne Smith at 240-632-6844.

Sincerely yours,

Lana L. Ogram
Director
Division of Compliance Policy
Office of Enforcement

Page 3

bcc:


HFC-230 (chron,r/f,smith,tesfile, Aims#2006-3149)

HFD-1

HFD

HFD-300 (MWalton, JKaiser, KWeiss, DRieves)

GCF-1 (EBlumberg, AKempic, JZachary)

HFA-224


HFC-230:asmith:6/29/06