DEPARTMENT OF HEALTH AND HUMAN SERVICES                    Public Health Service

                                                           Food and Drug Administration
                                                           Rockville MD 20857

**CERTIFIED MAIL**
**RETURN RECEIPT**

December 20, 2006

Justin J. Daniels, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108-3194

    Re:    **SEC v. Richard F. Selden, Civil Action No. 05-11805-NMG**
            **(D. Mass. filed Sept. 1, 2005)**

Dear Mr. Daniels:

This letter responds to your July 12, 2006 letter seeking reconsideration of the decision by the United States Food and Drug Administration (FDA) regarding your request for the testimony of FDA employees in the above-referenced case. You have asked that FDA reconsider its decision to limit the scope of Dr. Marc Walton's testimony "to facts regarding FDA's drug approval process and his involvement in that process as it relates to Transkaryotic Therapies Inc.'s Replagal product," as well as FDA's denial of your request for the testimony of Drs. James Kaiser, Dwaine Rieves, and Karen Weiss. I understand that you have recently contacted counsel for FDA and indicated that you intend to pursue this matter further. I also understand that you have not yet deposed Dr. Walton. For the reasons set forth below, FDA declines to broaden the scope of the testimony authorized to be given by Dr. Walton and refuses to grant your requests for the testimony of the additional witnesses.

I.    Background

As was explained in our June 30, 2006 letter, requests for the testimony of FDA employees are governed by Title 21, Code of Federal Regulations, Section 20.1. This regulation prohibits an FDA employee from providing testimony before any tribunal pertaining to any information acquired in the discharge of his or her official duties except with the express authorization of the Commissioner of Food and Drugs or an employee designated by him to act on his behalf. FDA enacted Section 20.1 to permit it to efficiently and fairly allocate its limited resources by funneling all requests for testimony

through a centralized decision maker who independently evaluates each request to assess both the specific disruption and cumulative impact of granting the request on FDA's ability to fulfill its mandate to regulate the nation's supply of food, drugs, and medical devices. As the Commissioner declared in the 1977 preamble to this regulation:

"The Food and Drug Administration now receives a very large number of requests for agency employees to testify in private litigation and other matters in which FDA is not a party. Were agency employees free, or required, to testify in private litigation whenever requested, the regulatory activities of the agency could be severely disrupted. The agency could not adequately function if its 6,500 employees were constantly preparing for and giving testimony in private litigation. Section [20.1] is therefore necessary for the agency to fulfill its primary regulatory responsibilities." 42 Fed. Reg. 3094, 3096 (Jan. 14, 1977).

Thus, the aim of Section 20.1 is to permit FDA to control the activities of its employees so that its principal mission—public health protection—is not compromised. Otherwise, FDA could easily be used as a repository of information and experts for litigants involved in suits that are only tangentially related to the agency's jurisdiction and mission.

Section 20.1 provides that the Commissioner (or his designee) may grant a request for testimony only upon a determination that the requested testimony (1) is "in the public interest," and (2) "will promote the objectives of the [Federal Food, Drug, and Cosmetic Act (FDCA)] and the agency." See 21 C.F.R. § 20.1(c). Due to the vast number of requests that the agency receives for its personnel to testify in litigation to which FDA is not a party, it is not in the public interest for agency personnel to routinely break from their public health mission to provide testimony. Consequently, FDA retains the discretion to disapprove a request for testimony, even where a request fulfills the criteria set forth in Section 20.1.

II.     Your Request for Testimony

You have sought the deposition testimony of four FDA employees for use in SEC v. Richard F. Selden, Civil Action No. 05-11805-NMG (D. Mass. filed Sept. 1, 2005), a civil enforcement action brought by the Securities and Exchange Commission (SEC) against Dr. Selden, the former CEO of Transkaryotic Therapies Inc. (TKT), which had sought FDA approval for its Replagal product. According to the Complaint filed in this action, the SEC has alleged that:

"TKT and Selden as CEO knew but failed to disclose material negative information about Replagal's FDA application such as: (1) the pivotal trial had failed to meet its primary objective; (2) the FDA had informed TKT in January 2001 that the pivotal trial was a failed study and that its primary analysis had failed; (3) the FDA had recommended in January 2001 that TKT conduct additional clinical trials; and (4) TKT had informed the FDA, at least as early as April 2001, that it would no longer seek approval of Replagal based on a claim that the drug was effective against pain." Complaint at ¶2.

In your original request for testimony contained in your March 29, 2006 letter, you stated without elaboration that "[t]he subject matter of the testimony sought by Dr. Selden concerns allegations in the federal complaint" filed by the SEC and "shall be used as part of the defense in that action." You failed to explain how such testimony would both benefit the public interest and promote the objectives of the FDCA and the FDA, as required by Section 20.1. Nevertheless, after considering FDA's interest in preventing misrepresentations about its approval process and in assuring the truthfulness of representations to the public about the efficacy of drugs for which FDA approval has been sought, the agency authorized the testimony of Dr. Marc Walton by letter dated June 30, 2006.

In seeking reconsideration of FDA's decision to define the scope of Dr. Walton's testimony and to deny the testimony of Drs. Kaiser, Rieves, and Weiss, you argue that "[p]ermitting private citizens a complete defense to a federal government enforcement action is surely in the public interest." However, you offer no explanation of how the requested testimony will also promote the objectives of the FDCA and the FDA, as required by Section 20.1.

III.   The FDA Employees

Dr. James Kaiser is a Senior Medical Officer in the Division of Pulmonary and Allergy Products in FDA's Center for Drug Evaluation and Research (CDER), where he is responsible for reviewing Investigational New Drug (IND) applications, New Drug Applications (NDAs), Biologic Licensing Applications (BLAs), and post-marketing trials and safety data for approved pulmonary and allergy drugs and biologics. In addition to his extensive review and monitoring responsibilities, Dr. Kaiser consults with other divisions within FDA needing expert guidance from the Division of Pulmonary and Allergy Products and has represented FDA at meetings with members of industry and professional associations. During the October 2000 to October 2002 timeframe specified in the Complaint, Dr. Kaiser worked on the Replagal IND submission as a Medical Officer in the Office of Therapeutics Research and Review, within FDA's Center for Biologics Evaluation and Research (CBER).

Dr. Dwaine Rieves is the Deputy Director of the Division of Medical Imaging and Hematology Products in FDA's Office of Oncology Drug Products, where he oversees the work of a group of approximately five clinical reviewers who review IND applications, NDAs, and BLAs for small molecule agents and biologics used in treating hematological conditions, such as anemias, venous thromboembolism, and platelet disorders. During the October 2000 to October 2002 timeframe specified in the Complaint, Dr. Rieves worked on the Replagal BLA as a Medical Officer within CBER's Office of Therapeutics Research and Review.

Dr. Marc Walton is a Senior Medical Policy Advisor in the Commissioner's Office of Policy, where he reviews medical data and information that may affect current or proposed FDA policies, negotiates the resolution of policy issues involving more than one component of the agency, and advises the Associate Commissioner for Policy and

other key Health and Human Services Department and FDA officials on matters relating to broad agency policy direction and development of long-range goals. During the October 2000 to October 2002 timeframe specified in the Complaint, Dr. Walton was Chief of the General Medicine Branch, Division of Clinical Trial Design and Analysis, within CBER's Office of Therapeutics Research and Review.

Dr. Karen Weiss is the Deputy Director of CDER's Office of Oncology Drug Products. This office is responsible for facilitating the rapid development, review, and approval of safe and effective new drug and biologic treatments for cancer. Dr. Weiss oversees a staff of 120 physicians, scientists, and statisticians with expertise in oncology, hematology, radiology, internal medicine, biopharmaceutics, pharmacology, toxicology, and clinical pharmacology. She must personally evaluate and make recommendations on whether to approve each new oncologic drug and biologic treatment for which FDA approval is sought. In her capacity as Deputy Director of the Office of Oncology Products, Dr. Weiss regularly attends meetings with NDA sponsors on significant issues, such as reaching agreement on protocols for critical studies that will be used to support product approval. She also attends numerous internal meetings regarding drugs under development, on adverse reactions to drug products, on agency guidelines, etc. During the October 2000 to October 2002 timeframe specified in the Complaint, Dr. Weiss was the Director of the Division of Clinical Trial Design and Analysis, within CBER's Office of Therapeutics Research and Review.

IV.    Denial of Your Request for the Testimony of Drs. Kaiser, Rieves, and Weiss

FDA denied your request for the testimony of Drs. Kaiser, Rieves, and Weiss on account of its duty to "deny requests that are duplicative, unlikely to elicit relevant testimony, unduly burdensome, or otherwise inappropriate." In your letter requesting reconsideration of this denial, you state that "[e]ach of these individuals in fact played unique and distinct roles in the process, were of different levels of seniority, had different interactions with the company, and spent varying amounts of time on the BLA." However, you neglect to explain how or why any of these alleged differences are relevant in the context of your third-party litigation.

A reading of the Complaint in SEC v. Selden reveals that the only issues whereupon the testimony of FDA employees could have any possible relevance would be with respect to what information FDA communicated to representatives of TKT and when this information was communicated to them. Contemporaneous FDA records, including official correspondence, meeting minutes, and teleconference meeting minutes, carefully document each of FDA's communications with TKT. See, e.g., 21 C.F.R. §§ 10.65; 312.47. You have not demonstrated, nor even argued, that these records are in any way inaccurate or incomplete. See United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). Moreover, FDA has already authorized the testimony of Dr. Walton, who was intimately involved in FDA's review of Replagal, and authorized him to answer your questions regarding FDA's drug approval process and FDA's review

of Replagal. As noted, you have not yet scheduled his deposition. In requesting the testimony of Drs. Kaiser, Rieves, and Weiss, you do not explain what additional information you believe these three witnesses might possess that you cannot obtain from official FDA records or the testimony of Dr. Walton.

FDA makes approval decisions with respect to hundreds of regulated products each year, and, inevitably, some of these decisions are later at issue in public and private securities actions. If FDA were to routinely consent to provide testimony in litigation involving the many products it regulates, agency personnel would spend an inordinate amount of their time preparing for and testifying in securities actions, rather than accomplishing FDA's primary mission of regulating consumer products and safeguarding the public health. Your request offers no basis for distinguishing the SEC v. Selden action from the numerous other securities cases that have been filed or will be filed relating to FDA regulated products. If FDA were to grant your request, the authorization could be cited as a precedent by others seeking to depose other FDA employees on a wide variety of matters. Moreover, granting your request for the testimony of these three high-ranking FDA medical officers, in addition to the testimony of Dr. Walton that has already been authorized, would be a substantial diversion of FDA employee time and would drain seriously limited FDA resources. As such, FDA has properly denied your request as "duplicative, unlikely to elicit relevant testimony, unduly burdensome, or otherwise inappropriate," and, therefore, contrary to the public interest and the objectives of FDA.

V.    Defining the Scope of Dr. Walton's Testimony

FDA has granted your request for the testimony of Dr. Walton, subject to certain limitations set forth in its June 30, 2006 letter. You seek reconsideration of FDA's decision that Dr. Walton would be authorized to "testify only to facts regarding FDA's drug approval process and his involvement in that process as it relates to Transkaryotic Therapies Inc.'s Replagal product. He will not offer expert opinions on any matter and will be instructed not to answer any questions outside of the scope of the questioning authorized by this letter." Although your request for reconsideration once again "emphasize[s] that these requests are being made in the context of a civil litigation instituted by the United States government against Dr. Selden in federal court," you do not explain how this limitation on the scope of Dr. Walton's testimony is deleterious to his defense, nor do you explain what additional areas of inquiry you seek to discuss with Dr. Walton. A reading of the Complaint in SEC v. Selden also fails to reveal any potentially relevant topics for questioning that would not be permitted under the scope of the testimony authorized to be given by Dr. Walton.

When FDA employees are authorized to provide testimony, it is standard FDA practice to define the scope of the testimony in the manner prescribed in the present case. Doing so ensures that FDA employees will not be asked to provide expert testimony, will be given a meaningful opportunity to refresh their recollection and prepare for their testimony, and will ensure that no questions are asked of the employee which may threaten to reveal the confidential or proprietary information of a third-party. See 18 U.S.C. § 1905; 21 U.S.C. § 331(j) (prohibiting the release of third-party trade secret information). Your offer to

enter into a protective order with respect to Dr. Walton's testimony is insufficient to address all of FDA's concerns that are served by clearly defining the scope of an employee's authorized testimony.

In conclusion, we find that your request to broaden the scope of the Dr. Walton's authorized testimony and to grant the testimony of Drs Kaiser, Rieves, and Weiss is not "in the public interest," and will not "promote the objectives of the [FDCA] and the agency." See 21 C.F.R. § 20.1. Therefore, FDA confirms its previous authorization pursuant to Section 20.1, that you may take the testimony of Dr. Walton subject to the limitations set forth in its June 30, 2006 letter and denies reconsideration of your request for the testimony of additional FDA employees.

As you were previously informed, FDA's Office of the General Counsel has assigned one of its attorneys, Jennifer Zachary, to assist Dr. Walton preparing his testimony. In order to make arrangements for this testimony, please contact Ms. Zachary at 301-827-9572.

Sincerely,

Carl E. Draper
Director of Compliance
Office of Enforcement

Page 7.

bcc:

HFC-1 (M.Walton)

HFC-200

HFC-230 (chron,r/f,DKravetz,ASmith,CAnders,Aims#2006- )

GCF-1 (EBlumberg, AKempic, JZachary)

HFD-160 (R.Rieves)

HFD-106 (K.Weiss)

HFD-103 (J.Kaiser)

HFA-224