# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE BEACON STREET
BOSTON, MASSACHUSETTS 02108-3194
—
TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

FIRM/AFFILIATE OFFICES
—
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 6, 2007

**BY FACSIMILE AND U.S. MAIL**

Ms. Jennifer Zachary
Assistant Chief Counsel
U.S. Department of Health & Human Services
Food and Drug Administration, Office of the Chief Counsel
5600 Fishers Lane, GCF-1
Rockville, MD 20857

Re: S.E.C. v. Richard F. Selden
Civil Action No. 05-11805-NMG (D. Mass.)

Dear Jennifer:

Today's letter regarding the Food and Drug Administration's ("FDA's") refusal to comply with Richard F. Selden's Rule 30(b)(6) subpoena represents yet another attempt by the agency to block Dr. Selden's legitimate effort to take discovery in order to defend himself against the Securities and Exchange Commission's ("SEC's") charges of securities fraud in the above-captioned action. Frankly, given the several court orders that have been issued against you as well as the D.C. Circuit's crystal clear ruling in Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. 2006), I am surprised that the FDA would continue to take these indefensible positions.[1]

---

[1] Typical of the agency's reflexive refusal to assist Dr. Selden is your admonishment for our having not scheduled the deposition of Dr. Walton ("It is unclear to me why you should have a need for additional depositions when you have not even attempted to schedule the one deposition that FDA has authorized"). If the FDA was at all sensitive to the realities of Dr. Selden's situation, it would realize that he cannot possibly schedule the deposition of Dr. Walton because there is a pending lawsuit concerning the FDA's refusal to permit his questioning beyond two limited subject areas. See Selden v. FDA, et al., Civ. No. 06-11807-NMG (D. Mass.). In addition, Dr. Selden cannot schedule the deposition until he has a complete production of relevant documents, which is pending since October of 2005. If the FDA were willing to cooperate with Dr. Selden's requests, we could then schedule Dr. Walton's deposition.

Jennifer Zachary
U.S. Food and Drug Administration
February 6, 2007
Page 2

Nevertheless, because time is of the essence, we are re-submitting Dr. Selden's subpoena, under this cover, to both you and the FDA Commissioner as a request for testimony pursuant to 21 C.F.R. § 20.1. With respect to serving the "public interest" and "objectives" of the FDA, we believe it is a fundamental right of all citizens to have a full and fair opportunity to defend themselves against government enforcement actions, which right includes the ability to have equal access to government witnesses. Dr. Selden's right to a full and fair defense is amplified in this case, where the FDA has actively cooperated and assisted the SEC in its investigation and prosecution of Dr. Selden, including providing the SEC with access to FDA information, actively assisting the SEC in its effort to collect information leading to this lawsuit, providing documentation within weeks of request, making FDA staff available for "off the record" interviews by SEC representatives, and advising and consulting with the SEC during the course of the enforcement action itself. Indeed, for the same reasons that the FDA determined it to be an objective of the agency and in the public interest to support the activities of the SEC, the FDA should support and protect Dr. Selden's right to respond.

Note that the subpoena is not withdrawn, and the foregoing requests are made without waiver and with full reservation of all of Dr. Selden's rights relating thereto.

Please let me know if you have any questions.

Sincerely yours,

Justin J. Daniels

I verify under penalty of perjury that the foregoing is true and correct. Executed on February 6, 2007.

Justin J. Daniels

Attachment

cc:   Andrew C. von Eschenbach, Commissioner of the FDA

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

Securities and Exchange Commission

V.

Richard F. Selden

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-11805-NMG
(Pending in USDC,
District of Massachusetts)

TO: U.S. Food and Drug Administration
5600 Fishers Lane, Rockville, Maryland 20857

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The subject matters of the deposition are set forth on Schedule A. Pursuant to Fed. R. Civ. P. 30(b)(6), the U.S. Food and Drug Administration shall designate one or more persons to testify about the examination topics.

| PLACE OF DEPOSITION  Skadden, Arps, Slate, Meagher & Flom LLP  1440 New York Avenue, NW, Washington, DC 20005 | DATE AND TIME  2/20/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*  Counsel for Defendant | DATE  1/29/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas J. Dougherty, Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, Boston, Massachusetts 02108, Phone No. (617) 573-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1-30-07  9:35 AM | FDA 5600 Fisher Lane Rockville, MD 20857 |

SERVED ON (PRINT NAME): June Raney, office of the Chief Counsel
Employee authorized to accept service (301) 827-7144

MANNER OF SERVICE:

SERVED BY (PRINT NAME): Andre' W. Leoth

TITLE: Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 1-30-07

SIGNATURE OF SERVER

ADDRESS OF SERVER: 1115 Mass Ave, NW
Wash, DC 20005

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A:
## SUBJECT MATTER FOR TESTIMONY

1.  The FDA's responses to the subpoenas for documents issued by Dr. Selden on or about October 28, 2005, and/or any court orders relating thereto, including but not limited to: (i) the responses of the Office of Chief Counsel; (ii) the responses of the Office of Enforcement; (iii) the search for documents; (iv) the collection and review of documents; and (v) any communication with anyone at the Securities and Exchange Commission ("SEC") with respect to any of the above.

2.  For the period January 1, 1996 through April 24, 2003, the policies and customary practices of the Center For Biologics Evaluation And Research regarding the use, creation and maintenance of documents and records (including but not limited to electronic mail) in connection with the evaluation and review of BLAs and INDs and/or any communications with sponsors regarding same.

3.  The FDA's communication, consultation and/or coordination with other governmental agencies, including but not limited to the SEC, relating to Transkaryotic Therapies, Inc., Dr. Selden and/or the above-captioned action.

## DEFINITIONS

Richard Selden incorporates by reference the Uniform Definitions in Discovery Requests as set forth in United Stated District Court of the District of Massachusetts Local Rule 26.5.

Additionally, the following definitions and instructions shall apply:

(A)  The "Center For Biologics Evaluation And Research" includes each of its offices, employees, agents, representatives or attorneys, or any individual or entity presently or formerly acting at their request or on their behalf.

(B)  The "FDA" includes the U.S. Food & Drug Administration, and its departments, including but not limited to the Center For Biologics Evaluation And Research, any FDA employee, staff, consultant, agent, or any other member, guest or other person invited to advise the FDA relating to Replagal or Fabrazyme.

(C)  "Richard Selden" or "Dr. Selden" includes Richard F. Selden, his employees, representatives, agents, attorneys and all other persons or entities acting or purporting to act on his behalf.

(D)  The "SEC" includes the United States Securities and Exchange Commission, and each of its offices, employees, agents, representatives or attorneys, or any individual or entity presently or formerly acting at their request or on their behalf.

(E)  "Transkaryotic Therapies, Inc." includes its parents, successors, subsidiaries, divisions, operating units, affiliates, principals, officers, directors,

employees, agents, attorneys, independent contractors and any person acting on their behalf.

(F) "BLA" means any Biologics License Application.

(G) "IND" means any Investigational New Drug.

(H) The term "communication" is used in the broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether written or oral, and includes without limitation all forms of electronic mail, voice mail or other recorded forms of communication. It includes, but is not limited to, documents, meetings and conversations. To the extent the communication is a meeting or conversation, you are requested to (a) identify all participants in the meeting or conversation and (b) sate the nature and substance of the meeting or conversation. The term "communications" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(I) The term "document" is used in the broadest sense and includes, but is not limited to, the following items, whether typed, printed, recorded, written out by hand, photographed, microfilmed, microfiched, or reproduced by any other mechanical or electronic process, including any information maintained on computer memory disk or electronic or magnetic media, whether or not printed out, and any information to which you have access by reason of any computer, including, without limitation: agreements; contracts; communications, including intra-company communications; correspondence; e-mails; envelopes; telegrams; telecopies; telefacsimiles; memoranda; agenda; books; summaries of records of personal or telephone conversations or interviews; telephone logs; diaries; articles; newspapers; circulars; brochures; pamphlets; forecasts; statistical statements; accountants' work papers; graphs; charts; slides; drawings; diagrams; films; video tapes; visual aids; audio tapes; compact discs or CD-ROMs; accounts; analytical records; worksheets; worksheet files; spreadsheets; word processor files; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisals' records; reports or summaries of negotiations; trade letters; press releases; notes; projections; drafts of any documents; working papers; securities ledgers; checks, front and back; check stubs or receipts; any other document or writings of whatever description.

(J) The term "person" includes natural persons, or any business, legal, or governmental entity or association.

(K) The term "relating to" means concerning, constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing, or in any way pertaining to.

(L) The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "include" or "including" means including without limitation.