

**DEPARTMENT OF HEALTH & HUMAN SERVICES**　　　　　　Office of the General Counsel

Office of the Chief Counsel<br>
Food and Drug Administration<br>
5600 Fishers Lane, GCF-1<br>
Rockville, MD 20857

February 6, 2007

**VIA FACSIMILE AND U.S. MAIL**
**617-573-4822**

Thomas J. Dougherty, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108

　　　　　Re:　　Securities and Exchange Commission v. Richard F. Selden
　　　　　　　　Civil Action No. 05-11805-NMG

Dear Mr. Dougherty:

I write on behalf of the United States Food and Drug Administration ("FDA") in response to your third-party subpoena dated January 29, 2007, which seeks the testimony of one or more FDA employees pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, FDA, a non-party in the above-referenced action, objects to the subpoena and requests that it be withdrawn.

As this subpoena is only the most recent of Dr. Selden"s many demands for FDA testimony in this matter, you are no doubt aware that your subpoena does not comply with the criteria set forth in FDA"s Touhy regulations, 21 C.F.R. part 20, governing requests for the testimony of FDA employees. As was explained in FDA letters dated November 9, 2005; April 5, 2006; June 30, 2006; and December 20, 2006; as well as in FDA"s court filings in SEC v. Selden, Misc. Case No. 05-00476-RMU (D.D.C.), FDA regulations require that any person who desires testimony from an FDA employee submit a written request to the Commissioner with an explanation of how the requested testimony (1) is "in the public interest," and (2) "will promote the objectives of the [Federal Food, Drug, and Cosmetic Act] and the agency." See 21 C.F.R. § 20.1(c). The present subpoena, like the two subpoenas for testimony that you served upon FDA in this matter in October 2005, do not meet the criteria for requesting employee testimony pursuant to FDA"s Touhy regulations.

Already in this matter, Dr. Selden has availed himself of FDA's Touhy regulations and requested the deposition testimony of four FDA employees. Although granting any such testimony from these high-ranking medical officers threatens to compromise FDA's primary mission of regulating consumer products and safeguarding the public health, FDA nonetheless granted your request in June 2006 with respect to one of the requested witnesses. You have not yet scheduled that deposition. Now you are attempting to subpoena an additional witness or witnesses to testify

on a broad range of topics. It is unclear to me why you should have a need for additional depositions when you have not even attempted to schedule the one deposition that FDA has authorized.

Even if a subpoena could properly be used to compel FDA employees to provide testimony in your third-party litigation, FDA objects to the subpoena on the following grounds:

(1) The subpoena may require disclosure of information that is or contains proprietary, trade secret, confidential commercial, personal privacy, investigatory, pre-decisional, and/or agency deliberative process information that is protected from disclosure under applicable laws, regulations, or privileges.

(2) The subpoena is unduly burdensome and over broad, particularly in that it requests testimony on a wide range of subjects, which would likely require FDA to spend many hours preparing multiple witnesses for deposition. Such a substantial diversion of FDA employee time would seriously drain already limited FDA resources.

(3) The subpoena fails to allow reasonable time for the agency to comply.

Therefore, I ask that you withdraw your subpoena. Should you decide to continue to seek additional FDA testimony, you must comply with the procedures prescribed at 21 C.F.R. § 20.1 for obtaining the testimony of FDA employees.

Finally, I am returning your check for $55.00 (number 7089) that was attached to your subpoena. Please contact me at (301) 827-9572 if you would like to discuss this matter further.

Sincerely,

Jennifer Zachary
Assistant Chief Counsel
U.S. Food and Drug Administration

cc: Justin J. Daniels, Skadden, Arps, Slate, Meagher & Flom LLP
Anne P. Smith, Testimony Specialist, FDA
Marina Utgoff Braswell, Assistant United States Attorney, District of Columbia