UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE SUBPOENAS IN:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE　　　　　　　　　　　:
COMMISSION,                                  :
                                             :
             Plaintiff,                      :  Miscellaneous
                                             :  Case No. 05-0476-RMU
     v.                                      :
                                             :  (Related Cases:
RICHARD F. SELDEN,                           :  Civ. No. 05-11805-NMG
                                             :  Civ. No. 06-11807-NMG
             Defendant,                      :  Pending in the United States District
                                             :  Court for the District of Massachusetts)
     and,                                    :
                                             :
FOOD AND DRUG ADMINISTRATION,                :
                                             :
             Interested Party.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RICHARD F. SELDEN'S MEMORANDUM IN OPPOSITION
TO THE FDA'S "MOTION TO QUASH THIRD-PARTY SUBPOENA"**

　　　　　　　　　　　　　　　　　　　　Joseph L. Barloon (D.C. Bar No. 459626)
　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　1440 New York Avenue
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　　(202) 371-7000

　　　　　　　　　　　　　　　　　　　　Thomas J. Dougherty
　　　　　　　　　　　　　　　　　　　　Justin J. Daniels
　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　One Beacon Street
　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02108
　　　　　　　　　　　　　　　　　　　　(617) 573-4800

Dated: March 5, 2007　　　　　　　　　　　　Counsel for Richard F. Selden

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    TOUHY REGULATIONS DO NOT, AND CANNOT, INVALIDATE A DULY-ISSUED RULE 45 SUBPOENA ............................... 2

    II.    THE FDA'S TOUHY REGULATIONS DO NOT EVEN APPLY IN THIS CASE BECAUSE THE SUBPOENA SEEKS RULE 30(b)(6) TESTIMONY FROM THE AGENCY ITSELF ........................ 5

CONCLUSION .............................................................................................................................. 7

**TABLE OF AUTHORITIES**

**CASES**                                                                                                    **PAGE(S)**

Bosaw v. Nat'l Treasury Employees' Union,
   887 F. Supp. 1199 (S.D. Ind. 1995) ...........................................................................6, 7

Northrop Corp. v. McDonnell Douglas Corp.,
   751 F.2d 395 (D.C. Cir. 1984) ......................................................................................6

S.E.C. v. Selden,
   445 F. Supp. 2d 11 (D.D.C. 2006) ..........................................................................1, 4, 7

U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.,
   --- F. Supp. 2d ---, Civ. No. 99-3298, 2007 WL 404260 (D.D.C. Feb. 7, 2007).............4

U.S. ex rel. Touhy v. Ragen,
   340 U.S. 462 (1951) .......................................................................................................6

Yousuf v. Samantar,
   451 F.3d 248 (D.C. Cir. 2006) ...................................................................................1, 3


**OTHER AUTHORITIES**                                                                                **PAGE(S)**

21 C.F.R. § 20.1 .....................................................................................................................5

Fed. R. Civ. P. 26..............................................................................................................2, 3

Fed. R. Civ. P. 30..............................................................................................................1, 5

Fed. R. Civ. P. 45.....................................................................................................1, 2, 3, 4

Raoul Berger and Abe Krash, Government Immunity From Discovery,
   59 Yale L.J. 1451 (1950) ...............................................................................................3

Edson R. Sunderland, Discovery Before Trial Under the New Federal Rules,
   15 Tenn. L. Rev. 737 (1939).........................................................................................3

**PRELIMINARY STATEMENT**

Once again, Richard F. Selden ("Dr. Selden") finds himself in the position of having to respond to the federal government's continuing refusal to comply with its discovery obligations, its own precedent and basic principles of fairness. As the Court knows, Dr. Selden has been fighting since October of 2005 to obtain relevant discovery from the U.S. Food and Drug Administration[1] for his defense against charges of securities fraud brought by the Securities and Exchange Commission ("SEC") in S.E.C. v. Richard F. Selden, Civ. No. 05-11805-NMG (D. Mass., filed Sept. 1, 2005) (the "SEC Action"). That long history has been recounted to this Court before and will not be repeated here.

On August 16, 2006, this Court held that federal agencies are subject to subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, echoing the clear holding of the D.C. Circuit in Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. 2006). S.E.C. v. Selden, 445 F. Supp. 2d 11, 14 n.6 (D.D.C. 2006). The government had repeatedly contested this issue even though the rule was, in the words of its drafters, "so simple that it did not need any discussion." Yousuf, 451 F.3d at 250 (internal quotations omitted). As the Yousuf Court stated, the rule's drafters had "underestimated the creativity of the United States when faced with a subpoena duces tecum issued in a case to which it is not a party." Id.

Now, the FDA contends that it can refuse to comply with a properly-served Rule 30(b)(6) subpoena ad testificandum by invoking its Touhy regulations. The FDA's

---

[1] For purposes of this motion, "FDA" shall refer collectively to the United States Food and Drug Administration and Andrew C. von Eschenbach, in his official capacity as its commissioner.

Further, "FDA Mem." shall refer to the FDA's Memorandum In Support Of Motion To Quash Third-Party Subpoena (Docket No. 27), S.E.C. v. Selden, Misc. No. 05-0476-RMU (D.D.C. Feb. 21, 2007).

motion is based on the <u>same</u> argument that it made to this Court prior to the <u>Yousuf</u> decision and the <u>same</u> argument the Government tried to make in <u>Yousuf</u> itself; namely, that the existence of the FDA's <u>Touhy</u> regulations -- in and of themselves -- eviscerates the legal viability of Rule 45 subpoenas. That was an incorrect statement of the law at the time, and it is an incorrect statement of the law now. <u>See</u> Section I, <u>infra</u>. Further, with respect to the subpoena at issue on this motion, not only do the FDA's <u>Touhy</u> regulations not invalidate the subpoena, they do not even apply. <u>See</u> Section II, <u>infra</u>. For either of those reasons, the FDA's motion to quash should be denied.

## ARGUMENT

**I.   TOUHY REGULATIONS DO NOT, AND CANNOT, INVALIDATE A DULY-ISSUED RULE 45 SUBPOENA**

The FDA's sole argument[2] on this motion is the same one it has made to this Court since November of 2005: that the existence of the agency's <u>Touhy</u> regulations renders Rule 45 subpoenas invalid as a matter of law. FDA Mem. at 13 ("<u>Selden cannot, however, obtain testimony from FDA by means of a subpoena. This Court should, therefore, quash Selden's subpoena.</u>") (emphasis added); <u>see also</u> <u>id.</u> at 7 ("Selden has not . . . attempted to obtain the testimony he seeks pursuant to the present subpoena by means of FDA's <u>Touhy</u> regulations.").[3]

---

[2]   The FDA also tries to add a self-styled "reservation of rights" with respect to possible additional arguments based on Fed. R. Civ. P. 26, that it claims it may try to make sometime in the future depending on the outcome of the instant motion. <u>See</u> FDA Mem. at 2 n.2. The Court should not permit the FDA to litigate Dr. Selden's subpoena in such a piecemeal fashion. Not only is it contrary to federal practice, but it is unfair to the parties in the SEC Action, who are attempting to resolve their litigation in a just and speedy manner. Having raised the issue of the validity and enforceability of Dr. Selden's subpoena, the FDA should now be precluded from asserting additional arguments that would otherwise be available to it.

[3]   This latter assertion by the FDA is only one of the several incorrect statements of fact made by the FDA in its brief. In addition to his subpoena, which qualifies as a sufficient request under <u>Touhy</u>, Dr. Selden submitted a formal "<u>Touhy</u> request" for the same testimony on February 6, 2007.

2

The D.C. Circuit and this Court have unequivocally rejected that argument.

In <u>Yousuf v. Samantar</u>, 451 F.3d 248 (D.C. Cir. 2006), the Government argued that Rule 45, adopted in 1937, had been effectively superseded by the <u>Touhy</u> regulations (adopted post-1951), and by FOIA (enacted in 1966), contending that those procedures provided "carefully calibrated mechanisms" for the Government to "respond[] to requests for information." 451 F.3d at 256 (internal quotations omitted). The Government argued that Rule 45 should not be permitted to "establish a mechanism bypassing existing methods of requesting . . . information from the government as a nonparty." <u>Id.</u> The D.C. Circuit rejected this as "both illogical and anachronistic" and held that the adoption of <u>Touhy</u> regulations and enactment of FOIA "tells us nothing about whether parties in civil litigation had been authorized in 1937 to subpoena the Government for information demonstrably relevant to their cases." <u>Id.</u> at 257. Instead, the <u>Yousuf</u> Court cited with approval language from several authorities for the proposition that the government is subject to Rule 45 like any other party:

> [O]ne member of the Advisory Committee on Rules of Civil Procedure, which drafted the Rules, concluded in his discussion of "persons subject to deposition examination" -- which is to say, according to the original version of Rule 26(a), "any person, whether a party or not" -- that "<u>there is probably the same right to obtain discovery against the government and its officers and agents as against private parties</u>."
>
> Raoul Berger and Abe Krash later reached the same conclusion: "<u>[T]he terms of the third party subpoena-deposition provisions are unqualified, and no considerations of policy can afford an exemption to the Government</u>."

451 F.3d at 257 (citing, respectively, Edson R. Sunderland, <u>Discovery Before Trial Under the New Federal Rules</u>, 15 Tenn. L. Rev. 737, 742-43 (1939) and <u>Government Immunity From Discovery</u>, 59 Yale L.J. 1451, 1465-66 (1950)) (emphasis added). This Court

confirmed the D.C. Circuit's ruling in granting Dr. Selden's motion to compel the enforcement of his subpoena duces tecum on the FDA. S.E.C. v. Selden, 445 F. Supp. 2d 11, 13 (D.D.C. 2006) ("[T]he Court of Appeals . . . held that a government agency is a 'person' under Rule 45 and, therefore, can be the target of a third-party subpoena.").

After Yousuf, several courts tried to reconcile the D.C. Circuit's decision regarding the enforceability of Rule 45 subpoenas with the internal Touhy processes established by federal agencies for responding to requests for information. However, in no case has a court held that Touhy regulations -- by their mere existence -- render Rule 45 subpoenas void ab initio, as the FDA would like this Court to find. For example, in this very case, the Court held that the FDA's Touhy regulations, with judicial oversight, can provide the internal processes by which the FDA responds to subpoenas. 445 F. Supp. 2d at 14-15 n.6 & n.7. The Court's holding is similar to the conclusion reached by Judge Lamberth in the recent case of U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., --- F. Supp. 2d ---, Civ. No. 99-3298, 2007 WL 404260 (D.D.C. Feb. 7, 2007), in which the Court revisited its prior ruling in light of Yousuf and held that requests for information on the federal Department of Health and Human Services should be made via subpoena through the agency's Touhy regulations; and, further, that if a party is dissatisfied by the agency's response, it "may seek review of this final agency action through a motion to compel further compliance . . . and the Court can compel further compliance with the subpoena if necessary." Id. at *2.

Under this precedent, an agency's Touhy regulations, rather than voiding federal subpoenas, provide the means by which the agency responds and processes those subpoenas. The FDA's sole basis for its motion therefore fails.

4

**II.   THE FDA'S <u>TOUHY</u> REGULATIONS DO NOT EVEN
APPLY IN THIS CASE BECAUSE THE SUBPOENA SEEKS
RULE 30(b)(6) TESTIMONY FROM THE AGENCY ITSELF**

Although the FDA's motion to quash can be denied simply on the basis of its direct conflict with <u>Yousuf</u> and this Court's prior rulings, <u>see</u> <u>supra</u>, that should not end the inquiry in this case.

Critically, the subpoena at issue seeks testimony not from specific FDA employees or officers, but from the government itself pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, which provides in pertinent part that "[a] party may in the party's notice and in a subpoena name as the deponent a . . . <u>governmental agency</u> and describe with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6) (emphasis added).

Following the Court's instructions and turning to the FDA's <u>Touhy</u> regulations, although the plain language of the regulations makes clear the FDA's power to make internal decisions about how it will provide agency information in response to requests served on an FDA officer or employee, it by no means authorizes the FDA to refuse to comply with subpoenas served on the sovereign itself. The regulation states, in pertinent part, as follows:

> Whenever a subpoena, in appropriate form, has been lawfully
> served upon <u>an officer or employee</u> of the Food and Drug
> Administration commanding the giving of any testimony, such
> officer or employee shall, unless otherwise authorized by the
> Commissioner, appear in response thereto and respectfully decline
> to testify on the grounds that it is prohibited by this section.

21 C.F.R. § 20.1(b) (emphasis added). By its terms, the regulation prescribes how FDA employees should respond to subpoenas directed at them. Its narrow purpose is to reserve for the FDA the right, when subordinate FDA employees are subpoenaed, to determine

5

how the agency will make disclosures or assert objections.  It is not intended to govern how the agency is to respond to subpoenas on the FDA itself.

The distinction between subpoenas on individual employees of an agency and subpoenas on the agency itself is significant.  In U.S. ex rel. Touhy v. Ragen, 340 U.S. 462, 463 (1951), the Supreme Court addressed this very issue.  In Touhy, the Department of Justice regulations, like the FDA regulations at issue here, authorized the head of the department to decide how subordinates, if subpoenaed, would respond.  The dispute in Touhy arose when a third party subpoenaed a specific FBI agent and the Attorney General instructed the agent not to produce the requested records.  340 U.S. at 463-64.  According to the Supreme Court, Touhy addressed the "narrow" circumstance in which a "subordinate" employee is individually subpoenaed and the employee's superior, acting pursuant to a housekeeping regulation, instructs the employee not to produce documents.  Id. at 463, 472.  The Court specifically found that the case "raise[d] no question as to the power of the Attorney General himself to make such a refusal."  Id. at 467 (emphasis added).  Further, in his oft-cited concurrence, Justice Frankfurter, writing separately "to avoid future misunderstandings" about the scope of the Court's decision, stressed that the agency power acknowledged in Touhy was limited to subpoenas of subordinates and that the department itself still could "be reached by legal process."  Id. at 470, 472; see also id. at 472 ("[T]here is not a hint . . . that the Government can shut off an appropriate judicial demand for such papers.").  Many years later, the D.C. Circuit expressly confirmed the courts' longstanding power to enforce subpoenas directed to agencies.  Northrop Corp. v. McDonnell Douglas Corp.; 751 F.2d 395, 399 n.2 (D.C. Cir. 1984); see also Bosaw v. Nat'l Treasury Employees' Union, 887 F. Supp. 1199, 1212 (S.D. Ind. 1995) (noting that

6

the "Touhy doctrine" does not apply when the agency "itself" (in that case the IRS) is "named in the subpoena").

Because the FDA itself is the subject of the subpoena in this case, neither Touhy nor the FDA's own Touhy regulations applies.

## CONCLUSION

There are important reasons why the FDA's Touhy regulations do not and should not apply to the subpoena at issue on this motion. Yet even if those regulations do apply, they do not void the subpoena. Rather, under this Court's clear guidance, the proper agency response is to process the subpoenas in the first instance pursuant to the Touhy regulations themselves, with special "dispatch (rather than plac[ing] Selden's subpoena request at the back of the FOIA que)" and with "good faith, prompt, and satisfactory compliance." S.E.C. v. Selden, 445 F. Supp. 2d 11, 15 n.7 (D.D.C. 2006).

The FDA's motion to quash should be denied.

| | |
|---|---|
| Dated: March 5, 2007<br>Washington, D.C. | Respectfully submitted,<br><br>/s/ Joseph L. Barloon<br>Joseph L. Barloon (D.C. Bar No. 459626)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue<br>Washington, D.C. 20005<br>(202) 371-7000<br><br>Thomas J. Dougherty<br>Justin J. Daniels<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 573-4800<br><br>Counsel for Richard F. Selden |

7

## **CERTIFICATE OF SERVICE**

      I, Joseph L. Barloon, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants and that paper copies will be sent on March 5, 2007, to those indicated as non-registered participants, specifically:

                Jennifer L. Zachary
                Assistant Chief Counsel
                U.S. Department of Health & Human Services
                Food and Drug Administration,
                    Office of the Chief Counsel
                5600 Fishers Lane, GCF-1
                Rockville, Maryland 20857

                Frank Huntington
                United States Securities and Exchange Commission
                Boston District Office
                33 Arch Street, 23rd Floor
                Boston, Massachusetts 02110

Dated: March 5, 2007                /s/ Joseph L. Barloon
                                              Joseph L. Barloon