```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE         )
  COMMISSION,                   )
                                )
      Plaintiff,                )
                                )
      v.                        )  Misc No. 05-0476 (RMU)
                                )
RICHARD F. SELDEN,              )
                                )
      Defendant.                )
_____ )
```

# REPLY IN SUPPORT OF UNITED STATES FOOD AND DRUG ADMINISTRATION'S MOTION TO QUASH THIRD-PARTY SUBPOENA

## PRELIMINARY STATEMENT

The United States Food and Drug Administration ("FDA") submits this Reply in Support of its Motion to Quash Third-Party Subpoena that was served on FDA in connection with SEC v. Selden, Civ. No. 05-11805 (D. Mass. filed Sept. 1, 2005).  After serving FDA with requests for the testimony of four employees allegedly familiar with the facts of his underlying SEC action, Selden now seeks to conduct a Rule 30(b)(6) deposition regarding a broad range of topics, including but not limited to:

> (1) the responses and efforts of various FDA components, including the FDA Office of Chief Counsel, to Selden's subpoenas for documents and the subsequent litigation regarding those subpoenas;
>
> (2) FDA's search, collection, and review of the documents presently being produced to Selden subject to his subpoenas;
>
> (3) CBER's "policies and customary practices . . . regarding the use, creation, and maintenance of documents and records (including electronic mail)" in

reviewing and evaluating Biologic License Applications and Investigational New Drug Applications; and

(4) FDA's communications with the SEC and any other governmental agencies regarding Selden and his former company, Transkaryotic Therapies.

See Selden January 29, 2007 Subpoena attached to FDA Motion to Quash as Exhibit A. FDA has moved to quash Selden's subpoena because it does not constitute a proper request for testimony pursuant to its Touhy regulations.[1] See 21 C.F.R. § 20.1.

Selden responds by proclaiming that "not only do the FDA's Touhy regulations not invalidate the subpoena, they do not even apply." Richard F. Selden's Memorandum in Opposition to the FDA's "Motion to Quash Third-Party Subpoena" ("Selden Opp.") at 2. Supported by nothing more than his fanciful extension of the D.C. Circuit's ruling in Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. 2006), Selden asks this Court to declare that the Touhy regulations that federal agencies employ to process requests for

---

[1] Selden chides FDA for litigating his subpoena in "a piecemeal fashion" and asks this Court to preclude FDA from later moving for a protective order pursuant to Rule 26 should the Court determine that his subpoena is enforceable. See Selden Opp. at 2 n.2. In the particular context of this litigation, however, where FDA has not yet made a determination regarding Selden's Touhy request, and, consequently, the record has not yet been developed, FDA is unable to argue for a protective order limiting the scope of testimony without prejudging its decision pursuant to the agency's Touhy regulations. Such a situation is certainly not without precedent. See, e.g., SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1389 (D.C. Cir. 1980) ("[C]laims of confidentiality and of attorney-client privilege cannot be judged by the courts on this record at this stage of the proceeding. Rather, once the subpoena has been enforced the SEC will have the opportunity to rule on specific requests . . . .").

2

testimony and documents were invalidated <u>sub</u> <u>silentio</u> by the D.C. Circuit.  Selden's position stands in stark contrast to established case law, including this Court's prior ruling, which held that "Selden must wait for the FDA to process his subpoenas under its <u>Touhy</u> regulations."  <u>SEC v. Selden (In re Subpoenas)</u>, 445 F. Supp. 2d 11, 14 n.6 (D.D.C. 2006).

At FDA's urging, and after issuing the present subpoena, Selden submitted a proper <u>Touhy</u> request for the testimony he seeks.  His request, which incorporates his subpoena by reference, seeks FDA testimony on a broad range of topics.  This pending request is Selden's second <u>Touhy</u> request for FDA testimony.  In an earlier request, Selden asked for the depositions of four high-ranking, FDA medical officers.  As of the date that FDA filed its motion to quash Selden's subpoena, FDA had authorized one of its medical officers to give testimony pursuant to this request and denied the testimony of the remaining three FDA employees.

In FDA's memorandum in support of its motion to quash, FDA committed —- in accordance with this Court's prior ruling —- to "'engage Selden's request, and formulate a response, with dispatch.'"  <u>See</u> FDA Motion to Quash at 12 (quoting <u>Selden</u>, 445 F. Supp. 2d at 14 n.7).  FDA has completed this task within three weeks, and, on March, 14, 2007, FDA sent Selden a letter informing him that the agency had authorized the depositions of

the three additional FDA medical officers whose testimony it had earlier declined to authorize.[2]  See FDA March 14, 2007 Letter, attached as Exhibit A.  Thus, FDA has now authorized a total of four of its employees to provide testimony for use in his third-party litigation.

FDA and Selden are presently negotiating to determine whether the testimony that FDA has authorized to be given by these four medical reviewers will also encompass the testimony that Selden seeks in his most recent Touhy request.  As soon as Selden clarifies whether, and if so, to what extent, he seeks testimony beyond the authorized testimony of the four medical reviewers, FDA will reach its decision regarding his second Touhy request.

FDA is processing Selden's most recent request for additional testimony pursuant to its Touhy regulations.  Selden, who has already employed these regulations to successfully secure the testimony of four FDA employees, should not be permitted to

---

[2] FDA had originally denied Selden's request for the additional employees as "duplicative and unlikely to elicit relevant testimony," a decision that Selden challenged in an action under the Administrative Procedure Act in the District of Massachusetts.  See Selden v. FDA, Civ. No. 06-11807 (D. Mass.).  In his brief, Selden explained how the testimony of each FDA employee was relevant to events in his underlying litigation and informed FDA that the SEC had named three of the four FDA employees in its initial disclosures as "individual[s] likely to have discoverable information."  Fed. R. Civ. Pro. 26(a)(1)(A).  This new information prompted FDA to revisit its earlier position and authorize the additional testimony sought by Selden.

short-circuit, through the present subpoena, the process established by the regulations.  In the event that Selden finds himself dissatisfied by FDA's final determination regarding his request for testimony, he must seek redress in an action under the Administrative Procedure Act ("APA"), just as he has already done in challenging FDA's response to his earlier <u>Touhy</u> request in the District Court for the District of Massachusetts.

In any event, the legal arguments raised in Selden's opposition brief are without merit.  The D.C. Circuit's ruling in <u>Yousuf</u>, 451 F.3d 248, confirmed the continued validity of agency <u>Touhy</u> regulations, and Selden's subpoena does not constitute a proper request for testimony pursuant to FDA's regulations, 21 C.F.R. § 20.1.  That Selden has served FDA with a subpoena pursuant to Rule 30(b)(6), rather than naming a particular agency employee as the deponent on the face of his subpoena, does not undermine the application of 21 C.F.R. § 20.1, because a critical purpose of such regulations is to permit federal agencies to make centralized determinations regarding whether to grant testimony in a particular case, taking into account the agency's resources, mission, and the public interest.  Accordingly, for the reasons set forth in FDA's prior memorandum, and for those set forth herein, FDA's motion to quash should be granted.

**ARGUMENT**

I. **THERE ARE VALID REGULATORY CONSTRAINTS UPON THE ABILITY OF FDA EMPLOYEES TO TESTIFY IN THIS MATTER.**

Selden proclaims that agency Touhy regulations are dispensable in the wake of the D.C. Circuit's ruling in Yousuf, 451 F.3d 248. See Selden Opp. at 7 ("[T]he FDA's Touhy regulations do not and should not apply to the subpoena at issue in this motion."). Selden contends that his subpoena, which merely lists the general subjects upon which testimony is sought, can be used to request testimony pursuant to FDA's Touhy regulations, which require that a request explain how the testimony "will be in the public interest" and "will promote the objectives of the [Federal Food Drug and Cosmetic Act] and the agency." 21 C.F.R. § 20.1(c). As this Court has already explained, Selden may not use a subpoena "to bypass th[e] agency's Touhy process altogether," and Yousuf does not support such an argument. Selden, 445 F. Supp. 2d at 14 n.6 (ruling that, in arguing that "he need not wait on the FDA's Touhy process, . . . Selden misapprehends the Court of Appeals' decision").

The D.C. Circuit's decision in Yousuf did not alter the established rule in this Circuit, which holds that "a court cannot enforce a subpoena against an employee of the federal governmental agency when the agency has validly enacted a [Touhy] regulation," and that, under such circumstances, a dissatisfied

requestor "must proceed under the APA." Houston Bus. Journal, Inc. v. Office of the Comptroller, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996). In fact, in Yousuf, the D.C. Circuit reiterated that the APA is the proper vehicle for evaluating "an agency's refusal to comply with a subpoena." 451 F.3d at 251 (stating that such a decision is "reviewable under the APA").

Selden acknowledges that "several courts have tried to reconcile the D.C. Circuit's decision . . . with internal Touhy processes established by federal agencies," but the only case he cites for his proposition that he may employ a subpoena in lieu of a proper Touhy request to the agency is United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Civ. No. 99-3298, 2007 U.S. Dist. LEXIS 8279 (D.D.C. Feb. 7, 2007). Yet even in that case, the Court held that "Yousuf explicitly recognized, and did nothing to displace, the applicability of each agency's Touhy regime for handling requests for information, including subpoenas." Id. at *6. The Pogue Court ordered the party seeking documents "to submit [its requests] to HHS in the form of a subpoena in compliance with the agency's Touhy regulations," because those particular Touhy regulations explicitly stated that a subpoena was the proper means for obtaining agency documents. Id. at *7 (citing HHS's Touhy regulations, 45 C.F.R. § 2.5, which prescribe that "[i]f the General Counsel or his designee determines that the subpoena is legally sufficient . . . the

terms of <u>the subpoena shall be complied with</u> unless affirmative action is taken by the Department to modify or quash the subpoena") (emphasis added).

When the <u>Pogue</u> Court addressed the request for agency testimony, however, it observed that, unlike HHS's regulation governing requests for documents, "[t]he valid <u>Touhy</u> regulations adopted by HHS require that a party first seek agency approval before attempting to secure the testimony of a current or former agency employee." <u>Id.</u> at *10-11 (citing 45 C.F.R. § 2.4). Accordingly, the Court ruled that the party seeking agency testimony needed to request it pursuant to the agency's regulations, and that, "[a]fter exhausting agency remedies, the party may then seek judicial review of the agency decision via an Administrative Procedure Act action." <u>Id.</u> at *11.

In this respect, the <u>Pogue</u> case is like the present action. This Court has ruled that, because FDA's regulations state that it "must treat the subpoenas <u>duces</u> <u>tecum</u> as requests for documents under its <u>Touhy</u> regulations," FDA was required to "respond to Selden's subpoenas pursuant to its <u>Touhy</u> regulations." <u>Selden</u>, 445 F. Supp. 2d at 14 (citing 21 C.F.R. § 20.2(a)). Like the regulations for testimony at issue in the <u>Pogue</u> case, which the Court found to "require that a party first seek agency approval before attempting to secure testimony," 2007 U.S. Dist. LEXIS 8279 at *10-11, FDA's <u>Touhy</u> regulations do not

8

permit testimony requests to be made through a subpoena. They require a written request to the Commissioner of Food and Drugs, explaining the "interest in the matter sought to be disclosed and designating the use to which such testimony will be put." See 21 C.F.R. § 20.1.

Thus, Selden may not demand FDA testimony by means of a subpoena; he must, as he has now done, submit a proper request for testimony pursuant to 21 C.F.R. § 20.1. Any objections he may have regarding FDA's response to his request must be brought in an action under the APA. See Bobreski v. EPA, 284 F. Supp. 2d 67, 73-74 (D.D.C. 2003) (holding that "[a] party challenging an agency's Touhy-based denial of a subpoena or request for testimony must proceed under the APA") (citation and quotation marks omitted). This is the same conclusion reached by all three of the D.C. district courts that have considered this issue in the wake of the D.C. Circuit's ruling in Yousuf. See Pogue, 2007 U.S. Dist. LEXIS 8279 at *11 ("After exhausting agency remedies, the party may then seek judicial review of the agency decision via an Administrative Procedure Act action."); Santini v. Herman, 456 F. Supp. 2d 69, 71 (D.D.C. 2006) (quashing a subpoena after concluding that, "[w]hen an agency has enacted Touhy regulations, the litigant must proceed under the [APA]"); In the Matter of a Subpoena Issued to Thomas A. Scully, Civ No. 06-0077, 2006 U.S. Dist. LEXIS 38780 at *4, (D.D.C. Apr. 11, 2006) (quashing a

subpoena for the testimony of an agency employee after noting that the requestor "will still be afforded meaningful review of that decision under the Administrative Procedure Act").

### II. SELDEN'S USE OF A SUBPOENA PURSUANT TO RULE 30(B)(6), RATHER THAN RULE 45, DOES NOT RENDER THE <u>TOUHY</u> REGULATIONS INAPPLICABLE.

Selden contends that because "the subpoena at issue seeks testimony not from specific FDA employees or officers, but from the government itself pursuant to Rule 30(b)(6)," FDA's <u>Touhy</u> regulations are wholly inapposite. Selden Opp. at 5. Selden's argument is premised on the contention that <u>Touhy</u> regulations exist solely for one "narrow purpose," to "reserve for the FDA the right, when subordinate FDA employees are subpoenaed, to determine how the agency will make disclosures or assert objections." <u>Id.</u> at 5-6. Thus, goes the logic of Selden's argument, <u>Touhy</u> regulations are only applicable where a particular employee has been named on the face of a subpoena.

Selden's argument ignores a critical purpose of federal agency <u>Touhy</u> regulations. Frequently referred to as agency "housekeeping" regulations, the Supreme Court in <u>Touhy</u>, 340 U.S. at 468, recognized "the usefulness, indeed the necessity" for a federal agency to "prescribe regulations for the government of [its] department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C.

§ 301 (the "Housekeeping Statute," which provides the authority for federal agencies to enact <u>Touhy</u> regulations).

Beyond merely preventing subordinate employees from making unauthorized statements on behalf of an agency, an animating "'policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business.'"  <u>Alexander v. FBI</u>, 186 F.R.D. 66, 70 (D.D.C. 1998) (quoting <u>Boron Oil Co. v. Downie</u>, 873 F.2d 67, 70 (4th Cir. 1989)).

Congress has charged the FDA with "promot[ing] the public health by promptly and efficiently reviewing clinical research and taking appropriate action on the marketing of regulated products in a timely manner, and with respect to such products . . . protect[ing] the public health."  21 U.S.C. § 393.  The fact that FDA's mission would be compromised because it "could not adequately function if its . . . employees were constantly preparing for and giving testimony in private litigation" was cited in the preamble to FDA's <u>Touhy</u> regulations as a major impetus for their enactment.  42 Fed. Reg. 3094, 3096 (Jan. 14, 1977) ("Were agency employees free, or required, to testify in private litigation whenever requested, the regulatory activities of the agency could be severely disrupted. . . . Section [20.1]

is therefore necessary for the agency to fulfill its primary regulatory responsibilities.").

The present case illustrates clearly why FDA has enacted Touhy regulations governing requests for testimony and documents. Already FDA has dedicated hundreds of staff hours and significant resources to producing over 12,000 pages of documents to Selden and will produce thousands of additional pages by May 15, 2007. See FDA Motion to Quash at 6. It has authorized the testimony of four of its high-ranking, medical officers, whose time spent preparing for and giving testimony to Selden is time that they cannot spend fulfilling their duties to approve new drugs, monitor the safety of drugs already on the market, and safeguard the public health. See Moore v. Armour Pharm. Co., 927 F.2d 1194, 1198 (11th Cir. 1991) (affirming the quashing of a subpoena where HHS considered, pursuant to its Touhy regulations, the "burden that the deposition would place on the agency" because the "employee's time is extremely valuable").

Now, Selden seeks additional FDA testimony. In determining whether the authorization of such testimony is proper, FDA must be permitted to consider, pursuant to its Touhy regulations, whether granting Selden's additional request will compromise its ability to fulfill its mandate of regulating the nation's supply of food, drugs, and medical devices. See Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health & Human Servs., 844 F. Supp. 770,

786-87 (D.D.C. 1993) (ruling that FDA acted rationally in refusing to authorize the testimony of two of its top researchers pursuant to its Touhy regulations because doing so would disrupt the advancement of the public health); Davis Enters. v. EPA, 877 F.2d 1181, 1187 (3d Cir. 1989) (crediting "the agency's judgment that the potential cumulative impact of granting such requests would constitute a drain on the agency's resources" and ruling that an agency's "concern about the effects of proliferation of testimony by its employees is within the penumbra of reasonable judgmental decisions it may make").

If Selden is correct and "[t]he distinction between subpoenas on individuals and subpoenas on the agency itself" determines whether an agency's Touhy regulations apply, any party seeking agency testimony could skirt the regulations and obtain such testimony by demanding it from the agency or the agency head pursuant to a Rule 30(b)(6) subpoena while carefully omitting reference to any particular employee.  See Selden Opp. at 6. Fortunately, this is not the law, and the courts routinely quash such subpoenas for failing to comply with applicable regulations. See, e.g., In re: Subpoena Duces Tecum to Tommy G. Thompson, Misc. No. 04-498, 2005 U.S. Dist. LEXIS 41202 at *22-23 (D.D.C. June 28, 2005) (denying motion to compel testimony pursuant to a "subpoena for testimony by HHS's designee" because an agency's "choice of whether or not to comply with a third-party subpoena

is essentially a policy decision about the best use of the agency's resources'" pursuant to its Touhy regulations) (quoting COMSAT Corp. v. Nat'l Sci. Found., 190 F.3d 269, 278 (4th Cir. 1999)) (overruled on other grounds); Santini, 456 F. Supp. 2d 69 (quashing a subpoena directed to the United States Attorney's Office for the District of Columbia because the requestor's subpoena did not comply with the Department of Justice's Touhy regulations).

Selden's argument that, "[b]ecause the FDA itself is the subject of the subpoena in this case, neither Touhy nor the FDA's own Touhy regulations applies," Selden Opp. at 7, must fail because it does not take into account the fact that such regulations also exist to protect federal agencies where "private litigants seek to drag a witness employed by the federal government or one of its agencies into court to offer some testimony on a particular party's behalf." Alexander, 186 F.R.D. at 71. This Court should, therefore, quash Selden's subpoena and permit FDA to respond to Selden's request for testimony after taking into account, in accordance with its Touhy regulations, the impact that such testimony might have on its ability to fulfill FDA's mission of protecting the public health.

## CONCLUSION

For all of the above-stated reasons, and those set forth in FDA's prior memorandum, FDA respectfully requests that this Court quash Selden's subpoena.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
MARINA UTGOFF BRASWELL, D.C. BAR # 416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

OF COUNSEL:
Daniel Meron
General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Jennifer L. Zachary
Assistant Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, Maryland 20857
(301) 827-9572

CERTIFICATE OF SERVICE

    I certify that the accompanying Reply in Support of FDA's Motion to Quash Third-Party Subpoena was served upon defendant Selden by mail, addressed to:

        Joseph L. Barloon, Esq.
        Skadden, Arps, Slate, Meagher & Flom, LLP
        1440 New York Ave., N.W.
        Washington, D.C. 20005-2111

        Thomas J. Dougherty, Esq.
        Justin J. Daniels, Esq.
        Cale P. Keable, Esq.
        Skadden, Arps, Slate, Meagher & Flom LLP
        One Beacon Street
        Boston, MA 02108

on this 15th day of March, 2007.

                      /s/
        MARINA UTGOFF BRASWELL, D.C. BAR #416587
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-7226