

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Food and Drug Administration<br>Rockville MD 20857

**CERTIFIED MAIL
RETURN RECEIPT**

March 14, 2007

Justin J. Daniels, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108-3194

    Re:    <u>SEC v. Richard F. Selden</u>, Civil Action No. 05-11805-NMG
            (D. Mass. filed Sept. 1, 2005)

Dear Mr. Daniels:

I write in reference to your request for the testimony of United States Food and Drug Administration (FDA) employees Drs. James Kaiser, Rafel Rieves, Marc Walton, and Karen Weiss in the above-referenced case. On June 30, 2006, FDA responded to your request and authorized the testimony of Dr. Walton, subject to certain limitations, and denied your request for the testimony of the three remaining FDA medical officers. After you sought reconsideration of this decision, FDA affirmed, in a December 20, 2006 letter, its previous determination on the grounds that you had failed to explain why the testimony you requested was not "duplicative, unlikely to elicit relevant testimony, unduly burdensome, or otherwise inappropriate." Subsequent information and events, which have come to FDA's attention through the Motion to Compel FDA Depositions (Motion to Compel) that you recently filed in the United States District Court for the District of Massachusetts, have prompted FDA to revisit its earlier decision. For the reasons set forth below, I now grant your request for the testimony of Drs. Kaiser, Rieves, and Weiss and authorize them, as well as Dr. Walton, to testify regarding facts and events relevant to defending against the claims of the Securities and Exchange Commission (SEC) in your underlying litigation, as described with more specificity below.

As FDA explained in its June 30, 2006 and December 20, 2006 letters, requests for the testimony of FDA employees are governed by Title 21, Code of Federal Regulations, Section 20.1. Pursuant to this regulation, an FDA employee is prohibited from providing testimony before any tribunal pertaining to any information acquired in the discharge of his or her official duties except with the express authorization of the Commissioner of

Page 2.

Food and Drugs or an employee designated by him to act on his behalf. Section 20.1 provides that the Commissioner (or his designee) may grant a request for testimony only upon a determination that the requested testimony (1) is "in the public interest," and (2) "will promote the objectives of the [Federal Food, Drug, and Cosmetic Act (FDCA)] and the agency." See 21 C.F.R. § 20.1(c). FDA enacted Section 20.1 to permit it to efficiently and fairly allocate its limited resources by funneling all requests for testimony through a centralized decision maker who independently evaluates each request to assess both the specific disruption and cumulative impact of granting the request on FDA's ability to fulfill its mandate to regulate the nation's supply of food, drugs, and medical devices.

By letters dated March 29, 2006 and July 12, 2006, you requested the deposition testimony of four high-ranking FDA medical officers for use in SEC v. Richard F. Selden, Civil Action No. 05-11805-NMG (D. Mass. filed Sept. 1, 2005), a civil enforcement action brought by the SEC against Dr. Selden. In making this request, however, you failed to explain how the testimony you requested would both benefit the public interest and promote the objectives of the FDCA and FDA, as required by Section 20.1. Nevertheless, FDA authorized the testimony of Dr. Walton after considering the agency's interest in preventing misrepresentations about its approval process and in assuring the truthfulness of statements to the public about the efficacy of drugs for which FDA approval has been sought. In deciding to authorize Dr. Walton's testimony, FDA was mindful of the fact that it had previously granted a request by the SEC, pursuant to Section 20.1, to depose Dr. Walton for use in its enforcement action against Dr. Selden. In order to authorize this earlier testimony, FDA determined that Dr. Walton's testimony would both benefit the public interest and promote the objectives of the FDCA and the FDA. That his testimony was later sought by Dr. Selden, rather than the SEC, did not affect the agency's previous determination that such testimony could properly be granted pursuant to Section 20.1.

However, in requesting the testimony of the three additional FDA medical officers and objecting to the limitations imposed by FDA on Dr. Walton's testimony, you failed to "explain what additional information you believe these three witnesses might possess that you cannot obtain from official FDA records or the testimony of Dr. Walton." See FDA's December 20, 2006 letter. FDA has consistently maintained that, in light of the "substantial diversion of FDA employee time and . . . drain [on] seriously limited FDA resources" that would attend your deposing these three additional FDA medical officers, FDA was unable to grant your request absent a demonstration that doing so would not be "duplicative, unlikely to elicit relevant testimony, unduly burdensome, or otherwise inappropriate" pursuant to Section 20.1.

It was not until your Motion to Compel that you finally offered "specific reasons," in the form of a table of "key points from the SEC's case along with the associated relevance of the requested witnesses," to explain beyond mere generalities how the testimony of these three additional FDA medical officers was relevant to your underlying litigation with the

Page 3.

SEC. Moreover, your Motion to Compel also informed FDA that three of the four witnesses whose testimony you seek, Drs. Rieves, Walton, and Weiss, have been named by the SEC in its initial disclosures as individuals "likely to have discoverable information relevant to the disputed facts alleged in the Complaint." Far from FDA being "in direct communication with the SEC throughout the course of this litigation," as you contend in your Motion to Compel, FDA was unaware of this crucial development in your underlying litigation until it received your Motion to Compel.

In consideration of this new information, FDA has determined that the depositions of Drs. Kaiser, Rieves, and Weiss, in addition to the previously authorized deposition of Dr. Walton, are in the public interest and promote the objectives of the FDCA and the agency and hereby authorizes these employees to provide testimony relevant to the SEC's allegations and to Dr. Selden's defense in that litigation. Specifically, FDA authorizes each of these employees to testify regarding:

1. FDA's review of Transkaryotic Therapies' INDs and/or BLA for Replagal;

2. FDA's review of Genzyme's INDs and/or BLA for Fabrazyme;

3. FDA's drug approval process in general; and

4. Communications and coordination with the SEC relating to Transkaryotic Therapies, Replagal, or Dr. Selden.

FDA employees will be instructed not to answer questions outside the scope of the questioning authorized by this letter. In addition, FDA witnesses are specifically prohibited from testifying with respect to:

1. Trade secrets or confidential commercial or financial information held by third-party companies, individuals, or entities, unless the disclosure of such information (a) has been authorized by the third-party, (b) is provided for by applicable regulations, or (c) has been provided for pursuant to the Amended Protective Order submitted to the court in SEC v. Selden, Misc. Case No. 05-00476-RMU (D.D.C.);

2. Attorney-client communications between FDA employees and FDA attorneys;

3. Information subject to FDA's deliberative process privilege unless it relates to any of the four topics above, upon which testimony has been authorized;

4. Any other non-public information the release of which is not provided for pursuant to the Amended Protective Order submitted to the court in SEC v. Selden, Misc. Case No. 05-00476-RMU (D.D.C.); and

Page 4.

     5. Expert opinions on any matter.

The above-referenced categories of information are excluded on the basis that FDA is either prohibited by law from disclosing the information, or testimony disclosing such information would not satisfy the standards set forth in Section 20.1.

With respect to each employee, the deposition shall take place at one time only, at an agreed-upon location, and shall not exceed seven (7) total hours. Each deposition may be videotaped so that it may be used at trial in lieu of the employees' appearances. In order to limit interference with these employees' official duties as much as possible, you are asked to accommodate their schedules and conduct their depositions at locations that are convenient to their ordinary places of business in Maryland.

FDA has assigned an attorney from its Office of the General Counsel, Jennifer Zachary, to assist Drs. Kaiser, Rieves, Walton, and Weiss in preparing for their depositions. In order to make arrangements for these depositions, please contact Ms. Zachary at 301-827-9572.

                                        Sincerely,

                                        David J. Gallant
                                        Acting Director
                                        Division of Compliance Policy
                                        Office of Enforcement