UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE SUBPOENAS IN:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE : 
COMMISSION, :
 :
                Plaintiff, : Miscellaneous Case No. 05-00476-RMU
 :
     v. : (Related Cases:
 : Civ. No. 05-11805-NMG
RICHARD F. SELDEN, : Civ. No. 06-11807-NMG
 : Pending in the United States District
                Defendant, : Court for the District of Massachusetts)
 :
     and, :
 :
FOOD AND DRUG ADMINISTRATION, :
 :
               Interested Party. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER

Upon consideration of the Joint Motion For Supplemental Protective Order, filed by Richard F. Selden ("Dr. Selden") and the United States Food and Drug Administration ("FDA") (collectively, the "Parties"), and upon consideration of all papers and proceedings herein, it is this ___ day of July, 2007,

ORDERED that the Joint Motion is GRANTED, and it is

FURTHER ORDERED that:

1.    All testimony provided pursuant to this Supplemental Protective Order may be used only in connection with S.E.C. v. Richard F. Selden, Civ. No. 05-11805-NMG (D. Mass.), and S.E.C. v. Richard F. Selden, Misc. Case No. 05-00476-RMU (D.D.C.)

(the "SEC actions") and may not be disclosed or revealed in any way outside of those actions.

    2.    Some testimony provided pursuant to this Supplemental Protective Order may contain non-public information, including confidential commercial or financial information, submitted to FDA by third parties. FDA will provide such testimony pursuant to the terms of this Supplemental Protective Order and in accordance with applicable law (see, e.g., 21 U.S.C. § 331(j); 18 U.S.C. § 1905; 21 C.F.R. § 20.61) and FDA procedures.

    3.    In addition to the restrictions set forth in paragraph 2, above, if the FDA witnesses provide testimony revealing privileged or confidential third-party commercial or financial information (as those terms are defined in 21 C.F.R. § 20.61), or information subject to FDA's deliberative process privilege, such information shall be governed by the following additional terms:

    a.    Transcripts, video and audio recordings, and any other records containing information obtained from the testimony of the FDA witnesses are subject to this paragraph 3.

    b.    The right of access to records subject to this paragraph 3 is limited to the following persons: (a) attorneys and parties in the SEC Actions; (b) medical and analytical experts, not employed by any drug manufacturer, whose review of the records is deemed essential to the preparation or presentation of the defense in the SEC Actions; and (c) such law clerks, paralegals, secretaries, and consultants whose review of the records is deemed essential to the preparation or presentation of the defense in the SEC Actions.

      c.    Prior to review of the records described in this paragraph 3, each person who is not a government employee or attorney in the SEC Actions shall sign and date a copy of the following statement:

> I acknowledge access to confidential material ("protected material") received pursuant to a Protective Order issued in the miscellaneous civil action entitled <u>S.E.C. v. Richard F. Selden</u>, Misc. Case No. 05-00476-RMU (D.D.C.), for purposes of production in the related action entitled <u>S.E.C. v. Richard F. Selden</u>, Civ. No. 05-11805-NMG (D. Mass.) ("SEC Actions"). I certify my understanding that I will be in violation of that Protective Order and will be subject to contempt of court proceedings if I do not abide by the following requirements:
>
> All notes pertinent to the protected material must, when not in my custody, either be returned to another person authorized under the Protective Order to review the protected material, or must be stored in a locked repository (such as a locked desk drawer or locked file) for which I must maintain custody of keys or combinations thereto.
>
> I may grant access to my notes only to those individuals who are authorized under the Protective Order to review the protected material.
>
> I must return all notes pertinent to the protected material to the attorneys who provided access to the material upon termination of this case, when my need for the information with respect to this case no longer exists, or upon order of the Court, whichever occurs first.
>
> I must report in writing to the Court in the SEC Actions all incidents in which unauthorized persons might have gained access to my notes about the protected material.
>
> I must not release, publish, disclose or use for any purpose (other than for the preparation or testimony in any hearing or trial in the SEC Actions) this protected material, and specifically any of the facts contained therein or any information derived therefrom.

One copy of each such statement shall be provided to counsel for the FDA within 30 days after the conclusion of the SEC Action.

      d.    Any submissions to the Courts in the SEC Actions that refer to or describe the records subject to this paragraph 3 are to be marked "Confidential FDA Material" and are not to be placed in the public file or on public record without the prior written consent of the FDA.

      e.    All records subject to this paragraph 3 must either be returned to counsel for the FDA or destroyed at such time as they are not further needed in the SEC Actions, at the conclusion of the SEC Actions, or upon order of the court, whichever occurs first. If the persons in possession of such records opt to destroy the records, they shall certify in writing to FDA, within five (5) days of destruction, that all such records have been destroyed.

4.    FDA shall permit Dr. Selden to depose FDA employees Drs. James Kaiser, Rafel Rieves, Marc Walton, and Karen Weiss for use in the SEC Action. These four employees will testify regarding only:

      a.    FDA's review of TKT's INDs and/or BLA for Replagal;

      b.    FDA's review of Genzyme's INDs and/or BLA for Fabrazyme;

      c.    FDA's drug/biologics approval process in general; and

      d.    Communications and/or coordination with the SEC relating to TKT, Replagal, and/or Dr. Selden.

5.    FDA shall permit Dr. Selden to depose FDA employees Dr. Marc Walton and Mr. David Krawetz, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, for use in the SEC Actions.

      a.    Dr. Walton will testify regarding only FDA's communication, consultation, and/or coordination with other governmental agencies, including but not limited to the SEC, related to TKT, Dr. Selden and/or the SEC Actions, which occurred prior to October 28, 2005.

      b.    Mr. Krawetz will testify regarding only FDA's responses to subpoenas for documents issued by Dr. Selden to FDA on or about October 28, 2005, and/or any court orders relating thereto, including but not limited to: (i) the responses of the Office of Chief Counsel; (ii) the responses of the Office of Enforcement; (iii) a general description of FDA's search for documents; (iv) a general description of FDA's collection and review of documents; (v) any communication, consultation, and/or coordination with anyone at SEC or any other governmental agencies with respect to TKT, Dr. Selden, and/or any of the above, which occurred on October 28, 2005 or later.

      6.    The FDA employees will not answer questions beyond the scope of the testimony authorized above and are explicitly prohibited from testifying with respect to:

      a.    Trade secrets or confidential commercial or financial information held by third-party companies, individuals, or entities, unless the disclosure of such information (i) has been authorized by the third-party, (ii) is provided for by applicable regulations, or (iii) has been provided for pursuant to this Supplemental Protective Order;

      b.    Attorney-client communications;

      c.    Information subject to FDA's deliberative process privilege, unless it relates to any of the specific topics above, upon which such witness's testimony has been authorized;

      d. Any other non-public information the release of which is not provided for pursuant to this Supplemental Protective Order or is provided for by applicable regulations; and

      e. Expert opinions on any matter.

   7. The depositions of the FDA employees shall take place at locations and at times mutually agreeable to the Parties, except that in no event shall a deposition be scheduled to take place after the fact discovery cut-off date in the SEC Action in the District of Massachusetts presently set for September 13, 2007.  Each of the five depositions identified in paragraphs 4 and 5 above (Kaiser, Rieves, Walton, Weiss and 30(b)(6)) shall take place once, shall not exceed seven (7) total hours per deposition, and may be videotaped for use at trial in lieu of the witness's appearance.

   8. FDA shall waive its deliberative process privilege for information contained in testimony that is subject to production under this Supplemental Protective Order and for documents subject to production under the Protective Order Governing The Production Of FDA Documents entered by the Court in this matter on November 21, 2006, except that FDA shall be entitled to assert its deliberative process privilege with respect to information concerning:  (1) exclusively "CMC"; (2) FDA inspections of third-party manufacturing facilities, but not including facilities operated or maintained by Quintiles, Inc.; and (3) FDA's review of products other than Replagal and Fabrazyme.  Documents or information previously withheld or redacted from production by FDA on the basis of the deliberative process privilege are now subject to immediate production to Dr. Selden.

   SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

Jennifer L. Zachary
Assistant Chief Counsel
U.S. Department of Health & Human Services
Food and Drug Administration,
Office of the Chief Counsel
5600 Fishers Lane, GCF-1
Rockville, Maryland 20857

Frank Huntington
U.S. Securities and Exchange Commission
Boston District Office
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110

Joseph L. Barloon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue
Washington, D.C. 20005

Thomas J. Dougherty
Justin J. Daniels
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108